FAEGRE DRINKER BIDDLE & REATH LLP
Ryan M. Salzman (SBN 299923)
ryan.salzman@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Attorneys for Defendant
BLIZZARD ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BLIZZARD ENTERTAINMENT, INC., Delaware corporation,<br><br>Defendant. | Case No. 8:22-cv-998<br><br>**DEFENDANT BLIZZARD ENTERTAINMENT, INC.'S NOTICE OF REMOVAL** |

# NOTICE OF REMOVAL

Defendant Blizzard Entertainment, Inc., ("Blizzard"), pursuant to 28 U.S.C. § 1441(a), hereby removes the above-captioned putative class action (the "Action") from the California State Superior Court of the County of Orange ("Orange County Superior Court") to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. Plaintiff commenced this Action on May 3, 2022, by the filing of a complaint (the "Complaint"), captioned as *Y.H., by and through her guardian Nathan Harris v. Blizzard Entertainment, Inc., et al.*, Case No. 30-2022-01257732-CU-BT-CXC, in Orange County Superior Court. True and correct copies of the Complaint, all pleadings, and orders filed in the action are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2. Plaintiff Y.H., by and through her guardian Nathan Harris ("Plaintiff"), alleges in her Complaint that "[t]his is an action brought by Plaintiff on her own behalf and on behalf of others similarly situated individuals for the unlawful, deceptive, and misleading trade practices engaged in by Defendant, a provider of some of the most popular video games in the nation[]" concerning "[o]ne of Defendant's most popular games… Hearthstone." *See* Complaint ("Compl.") ¶¶ 1, 2. The Complaint recites three counts: Count I, Declaratory Judgment on Minors' Rights to Disaffirm; Count II, Violation of California Business and Professions Code § 17200, *et seq.*; and Count III, Unjust Enrichment. Plaintiff's Prayer for Relief seeks: 1) class certification; 2) an order declaring that the sales contracts between Defendant and Plaintiff and the Class members are voidable; 3) an award of economic, monetary, actual, consequential, compensatory, and punitive damages available at law; 4) Plaintiff's reasonable attorneys' fees, costs, and other litigation expenses; 5) pre- and post-judgment interest, as allowable by law; and 6) injunctive relief as the Court may deem proper. Compl. at pp. 14-15.

3. Blizzard became aware of the Action and engaged counsel on May 11, 2022. Blizzard subsequently filed the instant Notice of Removal to United States District Court for the Central District of California.

4. Promptly after filing this Notice of Removal, Blizzard will provide written notice of the removal to Plaintiff through her attorneys of record in the Action, as well as to the Clerk of the Orange County Superior Court, as required by 28 U.S.C. § 1446(d).

5. The Action properly may be removed to the United States District Court for the Central District of California because this Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. Blizzard does not make or intend to make any admission of fact, law, liability, or damages in this Notice of Removal. Blizzard reserves all defenses, affirmative defenses, objections, and motions. Blizzard also does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules.

## II. NOTICE OF REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(b), Blizzard is filing this Notice of Removal within the statutory period permitted to do so. Blizzard has not been formally served with the Complaint, but became aware of Plaintiff's filing of the Action and engaged counsel on May 11, 2022. The filing of this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.")

//
//

### III. THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO CAFA

8. CAFA, 28 U.S.C. § 1332(d), gives this Court original jurisdiction over this action. CAFA grants district courts jurisdiction over civil class actions filed under federal or state law in which *any* member of a class of plaintiffs is a citizen of a state different from *any* defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interests and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets each of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

#### A. Minimal Diversity Exists

9. At the time the Complaint was filed, Plaintiff alleges that she was a citizen and resident of the State of Arizona. *See* Compl. ¶ 11.

10. At the time the Complaint was filed, Blizzard was incorporated in Delaware, with its principal place of business in Irvine, California. *See* Compl. ¶ 12; Declaration of Omer Salik ("Salik Decl.") ¶ 3. At the time of filing this Notice of Removal, Blizzard remains a Delaware corporation with its principal place of business in Irvine, California. *See* Salik Decl. ¶ 3.

#### B. There Are At Least 100 Members in Plaintiff's Proposed Class

11. This Action has been styled as a class action. *See* Compl. ¶¶ 39-45.

12. CAFA requires the existence of at least 100 members in Plaintiff's proposed class. 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff seeks to represent "[a]ll minors located within the United States who, during the applicable limitations period, made a purchase of a Hearthstone card Pack using real-world currency" as well as a California Minor Subclass defined in the Complaint as "[a]ll minors located within the state of California who, during the

applicable limitations period, made a purchase of a Hearthstone card Pack using real-world currency." Compl. ¶ 39. Plaintiff further alleges that "[u]pon information and belief, there are hundreds, if not thousands, of Class and Subclass members…" Compl. § 44.

14. According to the Declaration of Omer Salik, Blizzard first released *Hearthstone*, a strategy-based collectible card video game, in the United States in or about March 2014, and has continually updated the game. *See* Salik Decl. ¶ 4. In May 2014, Blizzard publicly announced that *Hearthstone* already had over 10 million users. *See id.* ¶ 4; Kris Graft, "Activision Blizzard profits are down, but *Hearthstone* helps drive digital," *Game Developer* (May 6, 2014), *available at* https://www.gamedeveloper.com.business/activision-blizzard-profits-are-down-but-i-hearthstone-i-helps-drive-digital (last visited May 16, 2022). Within six months of release, the game had 20 million players. *See id.* ¶ 4; Justin Haywald, "Hearthstone Passes 20 Million Players, What Do You Want To See Next," *GameSpot* (Sept. 15, 2014), *available at* https://www.gamespot.com/articles/hearthstone-passes-20-million-players-what-do-you-/1100-6422336/ (last visited May 16, 2022). No dispute should exist, therefore, that CAFA's requirement for a prospective class over 100 members has been met and removal is appropriate.

### C. The Amount in Controversy Exceeds $5 Million

15. CAFA authorizes the removal of a class action in which the amount in controversy or all potential class members exceeds $5 million, exclusive of interest and costs. See 28 U.S.C. § 1332. That threshold is met here. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). No presumption against removal to federal court exists where the removal is based on CAFA. *See id.*

16. *Hearthstone* is free to play, and players can earn playing cards through game play, but players also may choose to spend real money on "Packs" of cards.

*See* Salik Decl. ¶ 4. Plaintiff's claims in this case arises from her alleged purchase of "Packs," and she claims personally to have spent "over $300" on Packs while playing *Hearthstone* between 2019 and 2021, using "her father's credit cards and debit cards." Compl. ¶¶ 27-28.

17. In May 2015, Blizzard announced that *Hearthstone* and a different game that launched the same year, *Destiny*, combined to generate nearly $1 billion in sales revenue. *See* Salik Decl. ¶ 5; Jeffrey Matulef, "Destiny and Hearthstone have made nearly $1bn in revenue," *EuroGamer* (May 7, 2015), *available at* https://www.eurogamer.net/destiny-and-hearthstone-have-made-nearly-usd1b-in-revenue (last visited May 12, 2022). Blizzard is a publicly traded company that regularly discloses its overall revenues, but its public disclosures have not typically included game-by-game revenue breakdowns. A gaming industry analyst, Super Data, has issued annual estimates of the digital card game market generally and of *Hearthstone*'s estimated share of that market. For the year 2016, for example, this analyst's report stated that the market overall generated $1.4 billion in revenue and that *Hearthstone*'s share of that revenue was $394.6 million in 2016 alone. *See* Mike Minotti, "SuperData: Hearthstone trumps all comers in card market that will hit $1.4 billion in 2017," *Venture Beat* (Jan. 28, 2017), *available at* https://venturebeat.com/2017/01/28/superdata-hearthstone-trumps-all-comers-in-card-market-that-will-hit-1-4-billion-in-2017/ (last visited May 12, 2017). Blizzard did not publicly confirm these numbers, but for purposes of satisfying CAFA's removal threshold, Blizzard is comfortable stating that in the three years following *Hearthstone*'s release, the game generated hundreds of millions of dollars in revenue each year, and that the game has continued to be a successful revenue generator through the present day. *See* Salik Decl. ¶ 5. Blizzard is equally comfortable stating that *Hearthstone* has generated over $1 billion in revenues since its inception in 2014. *See id.* ¶ 5.

//

18. California Family Code § 6710, which Plaintiff has invoked, and the "disaffirmation" statutes of at least some other states, allow minors to disaffirm contracts that they entered into as minors at any point during their minority or within a reasonable time after reaching the age of majority. Plaintiff's proposed class definition accordingly has no date cutoff. *See* Compl. ¶ 39. Facially, Plaintiff's Complaint appears to implicate all *Hearthstone*-related revenues dating to the game's inception in 2014. The Complaint seeks return of all such revenues to the extent that the players who engaged in transactions can and do elect to disaffirm them.

19. Blizzard does not know, and would have no way of accurately knowing, which *Hearthstone* in-game transactions were initiated by minors using parental credit or debit cards, as Plaintiff claims to have done. Blizzard does not concede, and in fact disputes, that such transactions fall within the scope of any state's disaffirmation law.

20. Using $1 billion in total revenues as the denominator, transactions initiated by minors would have to make up only one half of one percent of total transactions in order for this case to satisfy the $5 million removal threshold. Although the actual number of transactions initiated by minors using parental debit cards or credit cards is unknowable, Blizzard is comfortable speculating that more than one half of one percent of such transactions may have been initiated by minors. *See* Salik Decl. ¶ 5.

21. Blizzard denies Plaintiff's claims of wrongdoing, but the allegations in Plaintiff's Complaint and the total amount of compensatory damages, punitive damages, attorneys' fees, injunctive relief, restitution, and other monetary relief at issue in this action, on an aggregate, class-wide basis, exceeds CAFA's $5 million jurisdictional threshold. *See Saulic v. Symantec Corp.,* No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007) (considering facts presented in notice of removal, including defendant's declaration, along with plaintiff's allegations, in finding jurisdictional limits satisfied under CAFA).

22. This case, therefore, meets each of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

### V.  CONCLUSION

23. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Orange County Superior Court to the United States District Court for the Central District of California.

Dated:  May 17, 2022               FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Ryan M. Salzman*
     Ryan M. Salzman

Attorneys for Defendant
BLIZZARD ENTERTAINMENT, INC.