Exhibit A

Electronically Filed by Superior Court of California, County of Orange, 05/03/2022 02:06:41 PM.

30-2022-01257732-CU-BT-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Eugene Y. Turin (SBN 342413)<br>McGuire Law, P.C., 55 W. Wacker Dr., Chicago, IL 60601 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (312) 893-7002     FAX NO. *(Optional):*
E-MAIL ADDRESS: eturin@mcgpc.com
ATTORNEY FOR *(Name):* Y.H., by and through her Guardian Nathan Harris

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Y.H., by and through her Guardian Nathan Harris v. Blizzard Entertainment, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>30-2022-01257732-CU-BT-CXC |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Peter Wilson<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*     CX-102

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Three (Declaratory Judgment, One count under the U.C.L., Unjust Enrichment)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 05/03/2022
Eugene Y. Turin
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]   [ Save this form ]   [ Clear this form ]

Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> BLIZZARD ENTERTAINMENT, INC., Delaware corporation, <br><br> Defendant. | Case No. 30-2022-01257732-CU-BT-CXC <br><br> Assigned to: Assigned for All Purposes <br> Department: Judge Peter Wilson <br> Complaint Filed: CX-102 <br><br> **COMPLAINT – CLASS ACTION JURY TRIAL DEMANDED** <br><br> **1. Declaratory Judgment on Minors' Rights to Disaffirm** <br><br> **2. Violation of California Business and Professions Code § 17200,** *et seq.* <br><br> **3. Unjust Enrichment** <br><br> DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Y.H. a minor, by and through her Guardian Nathan Harris (collectively "Plaintiff"), through their undersigned counsel, brings this Class Action Complaint against Blizzard Entertainment, Inc. ("Blizzard" or "Defendant"), on behalf of herself and all others similarly situated, and alleges the following upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters.

CLASS ACTION COMPLAINT

## **NATURE OF THE CASE**

1.      This is an action brought by Plaintiff on her own behalf and on behalf of others similarly situated individuals for the unlawful, deceptive, and misleading trade practices engaged in by Defendant, a provider of some of the most popular video games in the nation.

2.      One of Defendant's most popular games is Hearthstone,[1] a one-verse-one, turn based, digital card game. which can be downloaded for free on different platforms such as personal computers, laptops, and mobile devices. Users running Hearthstone on their devices connect through the internet to Defendant's servers that allow them to play with other users across the country, and the world.

3.      A critical aspect of Defendant's Hearthstone game are virtual "Lootboxes" that Defendant calls "Packs". Defendant markets and sells these Packs for real-world currency to players, including minors such as Plaintiff. The Packs are advertised as possibly containing valuable cards that allow players to upgrade and/or advance their deck of cards. However, players such as Plaintiff are not told in advance what is inside any particular Pack, and they are forced to gamble on the chance of winning some valuable card.

4.      In addition, Defendant's in-game content, including its Packs, is non-refundable, regardless of whether the purchases are made by a minor.

5.      Defendant's unfair, deceptive, and unlawful practices of allowing players, including, minors, to pay real-world currency to gamble on winning in-game items, as well as refusing to provide refunds to minors who made in-game purchases, deceive, mislead, and harm consumers, especially minor children who comprise a large segment of Defendant's player population. Plaintiff and other consumers have been injured as a result of Defendant's practices, including, but not limited to, having suffered out-of-pocket loss.

6.      Plaintiff brings this class action lawsuit on behalf of herself, and all others similarly situated.

---

[1] https://playhearthstone.com/en-us/new-to-hearthstone/.

**CLASS ACTION COMPLAINT**

7.     Plaintiff, on behalf of herself and the Class, seeks damages, restitution, declaratory and injunctive relief.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

9.     Plaintiff has standing to bring this action pursuant to the California Unfair Competition Law, California Business and Professions Code § 17200, *et seq*. ("UCL"); and the common law.

10.     This Court has personal jurisdiction over Defendant and venue is proper in this Court because Defendant maintains its headquarters in Irvine, California and because a substantial part of the events giving rise to the claims asserted herein occurred in this County.

## PARTIES

11.     Minor Plaintiff Y.H. and her Guardian, Nathan Harris, are natural persons and residents of Arizona.

12.     Defendant Blizzard Entertainment, Inc. is a Delaware corporation with its headquarters and principal place of business located in Irvine, California, and has regularly engaged in business throughout the state of California. Upon information and belief, Defendant directs the marketing and development of its products and services, and the deceptive and unfair conduct stemming therefrom, from its headquarters located in Irvine, California.

13.     At all times relevant to this action, Defendant, in the ordinary course of business as the provider of products and services to individuals who play its Hearthstone video game engaged in acts or practices affecting commerce within the meaning of California consumer protection laws, and Defendant's deceptive and unfair trade practices alleged herein have affected tens of thousands of consumers within California.

**CLASS ACTION COMPLAINT**

## COMMON FACTUAL ALLEGATIONS

### I.    Lootboxes

14.    Broadly speaking, a Lootbox is a video game microtransaction in which the consumer purchases a reward containing one or more virtual items of differing value or rarity that is assigned at random.[2] Lootboxes are defined in the dictionary as "a box containing a prize of unknown value, especially one offered for sale to players as part of an online game."[3]

15.    Although Lootboxes are advertised and portrayed by video game providers as a vehicle that allows it users to quickly advance further in a game through purchases using real-world currency, the use of Lootboxes in videogames is overwhelmingly misleading and exploitive of consumers like Plaintiff.

16.    Over the past decade Lootboxes have been the epicenter of a host issues that have caused lawsuits and law reform around world because of their addictive and predatory nature as Lootboxes are often used in free-to-play video games as the main source of valuable in-game content but players very rarely actually end up getting anything valuable when they purchase a Lootbox.[4567] One of the most problematic issues with Lootboxes universally is that despite their use in games that are aimed at and/or played by minor children, Lootbox purchases are often non-refundable—as is the case with Defendant's Hearthstone in-game purchases.[8]

---

[2]www.ftc.gov/system/files/documents/reports/staffperspectivepaperlootboxworkshop/loot_box_workshop_staff_perspective.pdf.

[3]www.collinsdictionary.com/us/dictionary/english/lootbox#:~:text=noun,part%20of%20an%20online%20game.

[4] www.gamechangerslaw.com/blog/italian-antitrust-authoritys-recent-activision-blizzard-lootbox-decision.

[5]https://screenrant.com/lootbox-gambling-microtransactions-illegal-japan-china-belgium-netherlands/.

[6]www.revisor.mn.gov/bills/text.php?number=HF4460&version=0&session=ls90&session_year=2018&session_number=0.

[7]www.nprillinois.org/statehouse/2021-05-04/illinois-house-approves-adding-warnings-to-video-games-that-include-loot-boxes.

[8]www.blizzard.com/en-us/legal/58e4a812-afd0-4d47-b34d-d4fdf99e41cb/blizzard-refund-policy.

## II.    Hearthstone Card Packs

17.    Hearthstone is a free to play and download video game in which players collect and battle using virtual cards in a similar manner to physical card games such as Magic: The Gathering and the Pokémon collectible card games.

18.    In a game of Hearthstone, both players have a "Hero" that starts with 30 "health points." The goal of the game is to use cards to deplete the other player's health points. Players take turns attacking their opponent and defending their Hero by playing different Hearthstone cards. The game ends when one player has zero health points, and the player with health points remaining is declared the winner.

19.    All Hearthstone cards are ranked in classes starting from Free, to Common, to Rare, to Epic, to Legendary. Legendary cards are the most rare and in the majority of instances the most powerful of cards found in Hearthstone.

20.    Hearthstone cards can be acquired by users in two ways, by obtaining Hearthstone's in-game currency "gold," and by purchasing with real-world currency from the Hearthstone online shop. Hearthstone implements several different ways to earn in-game currency, called gold. The most reliable way gold is earned is from winning games, every third game won rewards the player with ten gold, up to a maximum of 100 gold per day. In addition, players will get a "daily quest" each day they log in, with different objectives to achieve, such as requiring the player to win games as a certain class. These daily quests range in the amount of gold awarded upon completion, with most typically providing around 40 to 60 Gold.[9]

21.    Hearthstone cards can only be purchased in Packs that contain 5 cards. A single Pack can be purchased for 100 Gold for a Pack of 5 cards. Thus, for a user to obtain any new cards without purchasing them with real-world currency they would have to win 30 games or complete a daily quest and win approximately 15 games. However, regardless of what a player does, they cannot earn more than approximately 160 Gold any given day and thus can at most purchase only a single Pack a day.

---

[9] https://repository.law.uic.edu/cgi/viewcontent.cgi?article=2837&context=lawreview.

**CLASS ACTION COMPLAINT**

22.     Alternatively, Hearthstone card Packs can be purchased by real word currency as shown below in increments of 2 Packs for 2.99; 7 Packs for 9.99; 15 Packs for 19.99; 40 Packs for 49.99; and 60 Packs for 69.99. By making the cost per Pack significantly lower for larger purchasers, Hearthstone encourages players to spend more money thinking that they are getting a better deal even though they are ultimately purchasing virtual cards whose actual in-game value they do not know until *after* the purchase is made.



23.     Critically, as with traditional Lootboxes, when a player purchases a Pack they are not told shown anything about the cards they will actually receive. As shown above, in the most recent "season" of Hearthstone players are at most only told that "At least 1 card [in the pack] will be Rare or better."

24.     In addition to severely limiting players' ability to obtain cards through regular gameplay and encouraging purchases of larger amounts of Packs, Hearthstone is also designed to encourage constant and continuous microtransaction within the game by making powerful cards the rarest and hardest to obtain. Thus, in order to keep up, players must purchase large amounts of

Packs hoping that at least one of the Packs will contain an Epic or Legendary card. This leads to an arms race amongst players, many of whom are children and young adults, where players must continue gambling on Packs to be competitive.

25.     Although it has not been confirmed by Defendant, data collected by Hearthstone players indicates that Defendant has also implemented a "Pity Timer" on Hearthstone Packs. Defendant has set odds for obtaining certain cards within any number of Pack purchases,[10] however those odds appear to be adjusted based on the number of Packs a player opens without receiving a "legendary" item. For each Pack that is opened that does not contain a "legendary" item, Defendant incrementally increases the odds of receiving a "legendary" item in the next Pack. This helps feed into the players' perception that purchasing "just one more" Pack will provide the player with their desired cards instead of creating an equal opportunity to receive a "legendary" item with each Pack purchase. At the same time, it allows Defendant to claim that it technically discloses the "odds" of getting a certain card with any given Pack purchase.

26.     In sum, players purchase card Packs hoping to receive powerful Cards that will help them advance in the game. However, the Packs are mostly worthless, often filled with valueless Cards that players already have or do not want. Had players known the actual odds of receiving the epic and legendary cards they desired in any particular Pack that they purchased, they would not have purchased the Packs.

**III.     FACTS SPECIFIC TO PLAINTIFF Y.H.**

27.     Plaintiff played Hearthstone from approximately 2019 to 2021 during which time Plaintiff purchased many card Packs and Hearthstone expansion packs. Plaintiff's purchases in Hearthstone have totaled over $300 during that time.

28.     Plaintiff, a minor, was able to make the purchases through her father's credit cards and debit cards that were linked to her gaming account. Many of purchases made by Plaintiff were without her Guardian's permission to do so.

---

[10] https://us.battle.net/support/en/article/32545.

**CLASS ACTION COMPLAINT**

29.     Throughout her time playing Defendant's Hearthstone game, Plaintiff Y.H. was unaware of the odds of receiving any Epic or Legendary cards from any Pack that she had purchased.

30.     Plaintiff was also unaware that she had a right to disaffirm any purchases she made from Defendant.

31.     Plaintiff almost never received any valuable cards from the Packs she had purchased during her time playing Hearthstone from her in-game purchases and would not have made the amount of in-game purchases had she known the true odds of her being able to obtain Epic or Legendary cards from the Packs for purchase, or that she would not allotted a refund.

32.     Plaintiff no longer plays Hearthstone, and wishes that she had never made the purchases that she did and that she obtain a full refund for them.

33.     While Defendant's terms and conditions require minors to obtain their parent's consent to create an account and play Hearthstone, Defendant failed to implement sufficient mechanisms for parental consent controls to prevent minors from making unlimited purchases and limiting in-game purchasers to players who are over 18.

34.     Moreover, each time Defendant updates its Terms and Conditions, Defendant does not require the minor-user to obtain their parent's consent to any renewed or updated terms.

35.     Minor Plaintiff Y.H. does not recollect seeing, reading, or agreeing to Defendant's Terms of Use prior to playing Hearthstone and her Guardian also did not see, read, or agree to the terms.

36.     As a result, minor Plaintiff made numerous in-game purchases that were labeled non-refundable using her Guardian's funds and which her Guardian did not receive any notifications of until the charges were already made.

37.     Had Defendant provided proper parental control and age verification features, minor Plaintiff would not have been able to make any of the purchases that she did.

38.     Furthermore, before hiring counsel in this action, Plaintiff Y.H. and her Guardian were not aware of a minor's right to disaffirm and get refunds on any and all in-game purchases

**CLASS ACTION COMPLAINT**

without any restrictions. Had Defendant permitted Plaintiff to disaffirm her purchases, she would have done so.

## CLASS ALLEGATIONS

39.    Plaintiff brings this action on her own behalf and on behalf of a Class and one Subclass, pursuant to Cal. Code Civ. Proc. § 382, Cal. Civ. Code § 1781, and Cal. Bus. & Prof. Code § 17203, defined as follows:

The Class:

> All minors located within the United States who, during the applicable limitations period, made a purchase of a Hearthstone card Pack using real-world currency.

The California Minor Subclass:

> All minors located within the state of California who, during the applicable limitations period, made a purchase of a Hearthstone card Pack using real-world currency.

40.    **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass (collectively, the "Class"). Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other Class and Subclass members, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class or Subclass.

41.    **Predominance & Superiority.** Absent a class action, most Class and Subclass members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

42.    **Final Declaratory or Injunctive Relief.** Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class and Subclass members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class

and Subclass members, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

43.     **Typicality.** The factual and legal basis of Defendant's liability to Plaintiff and to the other Class and Subclass members are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

44.     **Numerosity.** Upon information and belief, there are hundreds, if not thousands, of Class and Subclass members such that joinder of all members is impracticable.

45.     **Commonality.** There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant's practice of not disclosing the contents of its card Packs was deceptive to a reasonable consumer;

(b)     Whether Defendant's failure to provide a method for minors or their guardians to disaffirm any purchases violated their consumer rights;

(c)     Whether Plaintiff and the other Class and Subclass members were damaged by Defendant's conduct; and

(d)     Whether Plaintiff and the other Class and Subclass members are entitled to restitution or other relief.

## FIRST CAUSE OF ACTION
### Declaratory Judgment on Minors' Rights to Disaffirm
### (On behalf of Plaintiff and the Class)

46.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

47.     On information and belief, Defendant's Hearthstone video game is marketed to players of all ages, including minors.

48.     Defendant enters into and accepts a contract with a minor when an in-game purchase of a card Pack by the minor is confirmed, and thus accepted. There is consideration on both sides as Defendant gives the consideration of virtual in-game content exchanged for consideration of actual money from the minor.

49.     Under California law, and equivalent law in states nationwide, minors have the right to disaffirm contracts such as those at issue here. *See, e.g.*, Cal. Family Code § 6700.

50.     Minors may disaffirm or a guardian may disaffirm a contract on behalf of a minor. Through the filing of this lawsuit, Plaintiff disaffirms all in-game purchases she has made through Hearthstone to-date and requests a refund.

51.     Plaintiff further seeks injunctive relief on behalf of the Class for future and prospective purchases of card Packs in Hearthstone to allow for refunds on all in-game purchases without restrictions.

52.     The contracts between Defendant and the members of the Class who are minors are voidable - a fact that Defendant denies as evidenced by its denial of the Class's right to be refunded in its Terms of Service.

53.     Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

54.     This claim for declaratory judgment is brought pursuant to Code of Civil Procedure § 1060 seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the sales contracts between Defendant and the Class members are voidable at the option of those Class members or their guardians; (c) if Class members elect to void the contracts, they will be entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiffs and the Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

**Unlawful and Unfair Business Practices in Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On behalf of Plaintiff and the Class)**

55.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

56.      Plaintiff and Defendant are "persons" within the meaning of the UCL Cal. Bus. & Prof. Code § 17201.

57.     California's Unfair Competition Law, Business & Professions Code, § 17200, *et seq.* ("UCL"), prohibits deceptive acts and practices in the sale of consumer products and services, such as Defendant's Hearthstone video game.

58.     Defendant's conduct as alleged herein occurred in the course of trade or commerce.

59.     Defendant's conduct is unlawful under the UCL because it is in violation of a minor's absolute right to disaffirm contracts.

60.      Defendant's conduct described herein is "unfair" under the UCL because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, as Defendant fails to disclose the actual odds of obtaining any valuable "Epic" or "Legendary" card with any Pack purchase while unlawfully denying minors any refunds they seek for receiving worthless cards.

61.      In addition, Defendant's conduct constitutes a fraudulent business practice within the meaning of the UCL in that Defendant intentionally and knowingly omitted providing information that refunds are allowed for minors without any restrictions under applicable law, and by explicitly representing that no refunds whatsoever are permitted for any purchases of its Hearthstone card Packs.[11] Such representations and omissions misled Plaintiff and the other Class members and are likely to mislead the public.

62.     Defendant was aware that minors are a significant portion of the population that plays Hearthstone and that they are not capable of entering into binding contracts including for

---

[11] www.blizzard.com/en-us/legal/58e4a812-afd0-4d47-b34d-d4fdf99e41cb/blizzard-refund-policy.

**CLASS ACTION COMPLAINT**

purchases of such things as in-game content like card Packs such that Defendant should have provided parental control features and provided for an unrestricted right for minors and their guardians to seek refunds of any purchases made.

63.     Defendant, in light of its explicit representation that in-game purchases were non-refundable had a duty to make Plaintiff and the other members of the Class aware that they had an unrestricted right to refund any purchases, but failed to do so.

64.     Defendant did not implement any age verification or parental control features in its Hearthstone video game that would have prevented Plaintiff and the other Class members from making the purchases that they did, or would have otherwise allowed them or their guardians to seek a refund for their purchases.

65.     Nor has Defendant implemented any feature that provides insight as to what cards a player will obtain when they make any given purchase of a card Pack.

66.     Plaintiff and putative Class members relied on Defendant's omission in that they were unaware that they could disaffirm their contract with Defendant and receive a refund and that they had a very low likelihood of actually obtaining any valuable card from a card Pack purchase.

67.     Defendant knew or should have known that its representations regarding the in-game purchases were false, deceptive, and misleading.

68.     Defendant's conduct described herein constitutes an unfair business practice because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

69.     As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiff and the other members of the Class, suffered actual damages, including monetary losses.

70.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an injunction enjoining Defendant from continuing to engage in the conduct described above as Defendant's wrongful conduct is ongoing.

**CLASS ACTION COMPLAINT**

71.     Plaintiff also seeks rescission and an order requiring Defendant to make full restitution and to disgorge its ill-gotten gains wrongfully obtained from members of the Class as permitted by Bus. & Prof. Code § 17203.

72.     Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

**THIRD CAUSE OF ACTION**
**Restitution or Unjust Enrichment**
**In the Alternative**
**(On behalf of Plaintiff and the Class)**

73.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

74.     Plaintiff and the other Class members conferred an economic benefit on Defendant through their in-game purchases.

75.     It is inequitable and unjust for Defendant to retain the revenues obtained from in-game purchases made by Plaintiff and the other Class members that are refundable or voidable by law, when Defendant does not permit refunds of purchases of its in-game virtual currency and in-game items.

76.     It is also inequitable and unjust for Defendant to retain the revenue obtained from in-game purchases made by Plaintiffs and the other Class members due to the deceptive nature of Defendant's sales of in-game card Packs that did not allow Plaintiff and the other Class members to see the value of the cards that they were purchasing, nor obtain a refund for their purchases.

77.     Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class members in the amount which Defendant was unjustly enriched by each of their in-game purchases

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, on her own behalf and on behalf of all others similarly situated, the following relief:

1.  For an order certifying this action as a class action, defining the Class and Subclass as requested herein, appointing Plaintiff as class representative and her counsel as class counsel;

2.  Declaring that the sales contracts between Defendant and Plaintiff and the Class members are voidable;

3.  Awarding Plaintiff all economic, monetary, actual, consequential, compensatory, and punitive damages available at law;

4.  Awarding Plaintiff's reasonable attorneys' fees, costs, and other litigation expenses;

5.  Awarding pre- and post-judgment interest, as allowable by law;

6.  For injunctive relief as the Court may deem proper; and

7.  Awarding such further and other relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: May 3, 2022

Respectfully submitted,

Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*

Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the*
*Putative Class Members*

**CLASS ACTION COMPLAINT**

21155800

**CIV-010**

| ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eugene Y. Turin (SBN 342413)<br>McGuire Law, P.C.,<br>55 W. Wacker Dr., Chicago, IL 60601 | |

TELEPHONE NO.: (312) 893-7002      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* eturin@mcgpc.com
ATTORNEY FOR *(Name):* Minor Plaintiff Y.H. through her Guardian Nathan Harris

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: Y.H., by and through her Guardian Nathan Harris
DEFENDANT/RESPONDENT: Electronic Arts, Inc.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>[x] EX PARTE | CASE NUMBER:<br>30-2022-01257732-CU-BT-CXC |
|---|---|

> ***NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Nathan Harris      is
   a. [x] the parent of *(name):* ▮▮▮▮▮▮
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Nathan Harris
   ▮▮▮▮▮▮▮▮▮▮
   Tel: ▮▮▮▮▮▮

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   ▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮
   Tel: ▮▮▮ ▮▮▮▮

4. The person to be represented is:
   a. [x] a minor *(date of birth):* ▮▮▮▮▮▮
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [x] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Minor Plaintiff Y.H. played Defendant's Hearthstone video game which used deceptive advertising of in-game items to encourage Minor Plaintiff Y.H. to make purchases using real world currency, while prohibiting her from exercising her right to disaffirm such purchases in violation of California law and resulting in unjust enrichment.

   [ ] Continued on Attachment 5a.

**Page 1 of 2**

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

| PLAINTIFF/PETITIONER: Y.H., by and through her Guardian Nathan Harris | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Electronic Arts, Inc. | 30-2022-01257732-CU-BT-CXC |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related *(state relationship):* her father
   b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

   ☐ Continued on Attachment 7.

Eugene Y. Turin

_(TYPE OR PRINT NAME)_                    ► _(SIGNATURE OF ATTORNEY)_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/4/2022

Nathan Harris

_(TYPE OR PRINT NAME)_                    ► _(SIGNATURE OF APPLICANT)_

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.

Date: 5/4/2022

Nathan Harris

_(TYPE OR PRINT NAME)_                    ► _(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)_

**ORDER** ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):* Nathan Harris

is hereby appointed as the guardian ad litem for *(name):*

for the reasons set forth in item 5 of the application.

Date: _____                    JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]    **APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**    Page 2 of 2