Eugene Y. Turin
(California Bar No. 342413)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002, ex. 3
eturin@mcgpc.com

*Counsel for Plaintiff and Proposed Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BLIZZARD ENTERTAINMENT, INC., Delaware corporation,<br><br>Defendant. | Case No. 8:22-cv-998-SSS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE**<br><br>Judge: Hon. Sunshine S. Sykes<br>Courtroom: 2<br><br>Action Filed: May 3, 2022<br>Removal Date: May 17, 2022<br><br>Hearing Date: Oct. 14, 2022<br>Time: 2:00pm<br>Courtroom: 2<br><br>Trial Date: None set |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND CASE

Case No. 8:22-cv-998-SSS

Plaintiff Y.H., a minor, by and through her Guardian Nathan Harris (collectively "Plaintiff"), respectfully submits this memorandum of points and authorities in support of her Motion to Remand Case.

## INTRODUCTION

Plaintiff filed this lawsuit in California state court before it was removed to this Court by Defendant Blizzard Entertainment, Inc. ("Defendant"). It is well-settled law that Defendant, as the removing party and proponent of federal jurisdiction, has the burden to establish this Court's subject matter jurisdiction. In its Notice of Removal (Dkt. 1), Defendant asserted the Class Action Fairness Act ("CAFA") as its basis for subject matter jurisdiction. But, even in a case removed pursuant to CAFA, establishing and maintaining the existence of an Article III injury is an inescapable necessity, the burden of which lies squarely on Defendant. Thus, to remain in federal court, *i.e. this* Court, Defendant must establish, and concede, that Plaintiff has a concrete, imminent, non-hypothetical injury, as required by Article III.

In its Motion to Dismiss for Mootness, or, in the Alternative, to Compel Arbitration, Defendant argues under Fed. R. Civ. P. 12(b)(1) that Plaintiff lacks Article III standing because Plaintiff's claims are "moot." In doing so, Defendant has undermined, and indeed abdicated, its removal burden to establish this Court's subject matter. Defendant may not, on the one hand, avail itself of federal jurisdiction while on the other hand engage in post-removal conduct that contradicts the very same. For these and the reasons explained in detail below, the Court should remand this case to the Superior Court of Orange County, California, where this case was filed.

## RELEVANT PROCEDURAL HISTORY

On May 3, 2022 Plaintiff filed her Complaint in the Superior Court for the State of California for the County of Orange. (Compl., Dkt. 1-1). On May 17, 2022,

Defendant removed the case to this Court. (Notice of Removal, Dkt. 1). Defendant's Notice of Removal alleged the existence of federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* at ¶ 5). However, on July 1, 2022, Defendant filed its Motion to Dismiss for Mootness, or in the Alternative, to Compel Arbitration ("Motion," Dkt. 19). Despite asserting this Court's jurisdiction in its Notice of Removal, Defendant's Motion requests dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and expressly renounces this Court's subject-matter jurisdiction over this case by arguing that Plaintiff's claims are "moot" such that there is no Article III injury-in-fact:

- "Plaintiffs thus have neither standing nor any basis to continue this action." (Motion at 2);
- "THE COURT SHOULD DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION." (*Id.* at 11);
- "Plaintiffs' claims are moot." (*Id.* at 14);
- "[T]he Court should dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction." (*Id.* at 16)

## ARGUMENT

### I. Defendant Has Affirmatively Undercut its Burden To Establish and Maintain Federal Subject Matter Jurisdiction, Necessitating Remand To State Court.

It is axiomatic that a removing defendant bears the burden of establishing federal subject-matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . .") (internal citation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper") (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1998) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction") (internal citations omitted). Further, a removing defendant bears the burden of maintaining subject-matter jurisdiction because "'[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case *shall* be remanded.'" *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (quoting 28 U.S.C. § 1447(c)) (emphasis added). The question of whether Defendant, as the party invoking federal jurisdiction, has established subject-matter jurisdiction is a threshold issue that must be decided before this Court proceeds in this matter in any way. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) ("[W]ithout proper jurisdiction, a court cannot proceed at all").

Where removal jurisdiction is lacking, the appropriate remedy is remand to state court. *Polo*, 833 F.3d at 1196 ("Moreover, the district court generally must remand the case to state court, rather than dismiss it.") (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). Indeed, "[s]tate courts are not bound by the constraints of Article III." *Id.* (citing *ASARCO Inc. v. Kadish*, 109 S. Ct. 2037 (1989)). Importantly, these general legal principles apply with equal force to cases removed pursuant to CAFA. *Polo*, 833 F.3d at 1196.

Here, Defendant has affirmatively disavowed its basis for removing this case from California state court: that federal jurisdiction exists. Defendant alleged in its Notice of Removal that this Court had subject-matter jurisdiction, but then insidiously moved to dismiss Plaintiff's claims with prejudice under Rule 12(b)(1)

for lack of that same jurisdiction, asserting that Plaintiff lacks Article III standing because Defendant attempted to provide her with a refund for her purchases. Consequently, Defendant has completely undercut the representations made in its removal papers that federal jurisdiction exits. In other words, "defendant [is trying] to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c)." *Ayala v. Sixt Rent a Car, LLC*, No. 19-cv-1514, 2019 WL 2914063, at *2 (C.D. Cal. Jul. 8, 2019) (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)).

While Defendant's Notice of Removal references the statutory requirements for removal under CAFA, a removing "defendant [also] bears the burden of establishing the existence of a case or controversy under Article III, including 'the core component of standing.'" *Env't Rsch. Ctr. v. Heartland Prod.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Thus, Defendant's attack on Plaintiff's Article III standing (Motion at 16), and by extension this Court's jurisdiction, fatally undercut Defendant's ongoing burden to demonstrate subject matter jurisdiction. Importantly, the burden to establish subject-matter jurisdiction falls squarely on Defendant, and it is not Plaintiff's duty to shoulder the burden of proving jurisdiction that Defendant has abdicated. *Ayala*, 2019 WL 2914063, at *2 (because parties were aligned in view that court lacked subject-matter jurisdiction, remand of CAFA-removed case was warranted); *Hadi v. McCune Wright Arevalo LLP*, No. 18-cv-05104, 2018 WL 6675622, at *8 (C.D. Cal. Dec. 17, 2018) (refusing to grant a removing defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) because that "would be inequitable and contrary to Defendants' obligation to prove federal subject-matter jurisdiction upon removal, the failure of which typically necessitates

remand"); *see also People for Ethical Operation of Prosecutors and Law Enforcement v. Rackauckas*, No. 18-cv-00805, 2018 WL 3533461 at *2 (C.D. Cal. July 12, 2018) (remanding case where defendant failed to establish Article III standing in case removed by defendant); *Barnes v. Aryzta*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) (remanding case removed under CAFA where, even though defendant timely withdrew its Rule 12(b)(1) motion to dismiss, its Rule 12(b)(6) motion to dismiss nonetheless undermined Article III standing); *Zhirovetskiy v. Zayo Group, LLC*, No. 17-cv-05876, 2018 WL 11195494 (N.D. Ill. Mar. 7, 2018) (granting plaintiff's motion to remand a case removed under CAFA because the defendant had "undermine[d] its representation that the federal court had jurisdiction over the case"); *Mocek,* 220 F. Supp. 3d at 914 (granting plaintiff's motion to remand because "with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis").

*Heartland Products*, 29 F. Supp. 3d 1281 (C.D. Cal 2014), is illustrative. In *Heartland*, the plaintiff filed a complaint in Los Angeles County Superior Court before it was removed to the Central District of California by the defendant pursuant to diversity jurisdiction. *Id*. at 1282. The plaintiff moved to remand the case, asserting that the statutory cause of action at issue did not create an individual right, but, rather, a right of action on behalf of the State of California and, thus, could not give rise to Article III standing. *Id* at 1283. The *Heartland* court agreed, finding that the defendant's failure to establish Article III, "the core component of standing," demonstrates that removal was improper. *Id*. at 1283-84. Likewise, here, Defendant's direct assault on the existence of an actual, cognizable injury goes straight to the core component of Article III standing.

Even more on point, in *Aryzta,* 288 F.Supp.3d 834 (N.D. Ill. 2017), the plaintiff filed a class action in Illinois state court alleging violations of state data privacy law.

*Id*. at 835. The defendant removed the case to federal court pursuant to CAFA. *Id*. at 836. Once in federal court, the defendant moved to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), asserting that plaintiff lacked a concrete injury-in-fact. *Id*. The defendant also moved to dismiss pursuant to Rule 12(b)(6) for failure to establish statutory standing. *Id*. Despite the defendant's prompt *withdrawal* of its 12(b)(1) motion, the court nonetheless granted the plaintiff's motion to remand, finding that the defendant's post-removal conduct in challenging plaintiff's Article III standing demonstrated to the court that federal jurisdiction may have been lacking. *Id*. at 839. The *Aryzta* court flatly rejected defendant's argument that removal pursuant to CAFA does not require an independent Article III basis. *See id*. at n.3 ("The [c]ourt has already explained . . . that removal jurisdiction involves both the issue of jurisdiction under the CAFA and the issue of standing. It was incumbent on [d]efendant . . . to consider the Article III standing issue when it removed the action to this [c]ourt"). In addition to granting the plaintiff's motion to remand, the court also awarded the plaintiff his attorneys' fees incurred because of the inappropriate removal. *Id*. at 840. Here, like in *Aryzta*, it was "incumbent on [defendant] . . . to consider the Article III standing issue" when choosing to challenge this Court's jurisdiction post-removal.

Another court in the Northern District of Illinois reached a similar result in *Roberts v. Dart Container Corp. of Illinois*, No. 17-cv-9295, 2018 WL 3015793 (N.D. Ill. Mar. 12, 2018). In *Dart*, the defendant removed the case from state court to federal court, asserting, as in the instant case, federal jurisdiction via CAFA. *Id*. at *1. Once in federal court, the defendant filed its motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that the "[p]laintiff did not suffer an injury in fact and thus lacked Article III standing." *Id*. Finding that the defendant failed to satisfy its removal burden and that plaintiff was unwilling to carry

such burden on the defendant's behalf, the *Dart* court granted the plaintiff's motion to remand. *Id*. at *2. Similar to the defendant in *Dart*, here, Defendant has argued that Plaintiff lacks standing to sue. Thus, similar to the defendant in *Dart*, Defendant has failed to satisfy its removal burden.

Accordingly, as remand is the correct remedy when a removing defendant fails to establish and maintain subject-matter jurisdiction, this Court should remand this case back to the state court from which it was removed. *See Polo*, 833 F.3d at 1196; *see also* 28 U.S.C. § 1447(d) (characterizing remand under removal statute as to the state court "*from which it was removed*") (emphasis added); *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983) (remanding improperly-removed case back "to the state court from which it was removed").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) remand this case pursuant to 28 U.S.C. § 1447(c) back to the Superior Court of the State of California for the County of Orange; and (2) grant such other relief the Court deems reasonable and just.

DATED: August 25, 2022

Respectfully submitted,

Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*

Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.

8
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND CASE

Case No. 8:22-cv-998-SSS

Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*