UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00998-SSS-ADSx | Date | October 19, 2022 |
| Title | Y.H. v. Blizzard Entertainment, Inc. | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 28] AND PLAINTIFF'S MOTION TO STAY [DKT. 30] AND ORDER CONTINUING MOTION TO DISMISS [DKT. 19]**

   Before the Court is Plaintiff Y.H's, by and through her Guardian Nathan Harris, Motion to Remand this Case to the Superior Court for the State of California for the County of Orange ("Motion to Remand"). [Dkt. 29]. Y.H. also filed a Motion to Stay Ruling on Defendant's Motion to Dismiss ("Motion to Stay"). [Dkt. 30]. The Motion is fully briefed and ripe for consideration. [Dkts. 29, 32, & 36]. The Court deems this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Y.H's Motion to Remand and Motion to Stay are DENIED.

   On May 3, 2022, Y.H. filed suit in state court against Defendant Blizzard Entertainment ("Blizzard") for: (1) declaratory judgment on minor's rights to disaffirm, (2) violation of California Business and Professions Code § 17200, *et seq.*, and (3) unjust enrichment. [Dkt. 1-1 at 2]. Y.H's complaint also included class allegations. [Dkt. 1-1 at 12]. On May 17, 2022, Blizzard removed the suit from state court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

1332(d).  [Dkt. 1 at 3, ¶5].  On July 1, 2022, Blizzard filed a Motion to Dismiss alleging the Court lacked subject matter jurisdiction.  [Dkt. 19 at 11–19].  Y.H. did not file an opposition to Blizzard's Motion to Dismiss.  Rather, Y.H. filed a Motion to Remand the case to state court based on Blizzard's argument that Y.H.'s claim lacked subject matter jurisdiction.  [Dkt. 29 at 3–8].  Y.H. argues that Blizzard's Motion to Dismiss for lack of subject matter jurisdiction "undercut[s] its burden to establish and maintain federal subject matter jurisdiction, necessitating remand to state court."  [Dkt. 29 at 3, lines 19–21].  Blizzard argues its Motion to Dismiss for lack of subject matter jurisdiction does not undercut its initial removal because its motion is "based entirely on facts that arose *after* removal automatically and instantly requires a federal court to remand a case to state court."  [Dkt. 32 at 6, lines 14–16].

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States. . ."  The removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal.  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015).  District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Under the Class Action Fairness Act ("CAFA"), federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds five million dollars.  28 U.S.C. § 1332(d)(2).  There is no presumption against removal under CAFA.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89.  At the time of removal, the burden is on the removing party to show that removal is proper.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684; *Taylor v. United Road Services, Inc.*, 313 F. Supp. 3d 1161, 1169 (E.D. Cal. 2018); *Tony Nunley v. Cardinal Logistics Management Corp.*, ED CV 22-01255-FWS-SP, 2022 WL 5176867, at *5 (C.D. Cal. Oct. 5, 2022) ("Although no antiremoval presumption attends the Motion,. . ., it is still Defendant's burden to establish the propriety of removal jurisdiction." (internal quotations omitted)).

At the time of removal, Y.H. and Blizzard were diverse parties [Dkt. 1-1 at 6, ¶¶11–13], Y.H.'s complaint included class allegations alleging a class of "hundreds, if not thousands, of Class and Subclass members" [Dkt. 1-1 at 13, ¶44],

and requests full restitution to all class members [Dkt. 1-1 at 17, ¶71], which could reasonably amount to more than five million dollars.  [Dkt. 1 at 5–8]; *Ayala v. Sixt Rent a Car, LLC*, No. CV 19-1514 FMO (MRWx), 2019 WL 2914063, at *2 (C.D. Cal. July 8, 2019) ("When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." (internal quotations omitted)).  As such, Y.H.'s complaint is consistent with the CAFA requirements and Blizzard's removal of the action to this Court was proper.  28 U.S.C. 1332(d)(2).  Accordingly, at the time of removal, Blizzard was able to meet its burden of showing removal was proper.  *See Abrego Abrego*, 443 F.3d at 684.

Because removal was proper, Y.H.'s Motion to Remand in response to Blizzards Motion to Dismiss is only appropriate if there has not been a change in circumstances stripping the action of subject matter jurisdiction.  *Ayala*, No. CV 19-1514 FMO (MRWx), 2019 WL 2914063, at *2 (granting plaintiff's motion to remand because defendant's motion to dismiss for lack of federal jurisdiction failed to allege any change in circumstances bearing on jurisdiction).  Here, Blizzard accepted Y.H.'s disaffirmation and gave her a full refund after the action had already been removed.  [Dkt. 32 at 7, lines 21–23]; [Dkt. 32-1 at 2–3, ¶¶2–4].  Blizzard's acceptance of Y.H's disaffirmation suggests that Y.H.'s individual claims are moot and could undermine Y.H.'s class complaint—therefore, calling into question whether Y.H.'s complaint meets the CAFA requirements.  As such, there have been sufficient changes in circumstances warranting Blizzard's Motion to Dismiss for lack of subject matter jurisdiction.

Accordingly, Y.H.'s Motion to Remand [Dkt. 28] is **DENIED.**  Additionally, Y.H.'s Motion to Stay Ruling on Defendant's Motion to Dismiss [Dkt. 30] is **MOOT.**  Blizzard's Motion to Dismiss [Dkt. 19] is hereby **CONTINUED** to **November 18, 2022, at 2:00 p.m.**  The Court further **ORDERS** Y.H. to file an Opposition to Blizzard's Motion to Dismiss on or before **October 24, 2022.**  Y.H.'s Opposition should address why the Court should, if at all, grant leave to amend the complaint.  Blizzard is further **ORDERED** to file a Reply on or before **October 31, 2022.**

**IT IS SO ORDERED**.