1
2
3
4

Eugene Y. Turin
(California Bar No. 342413)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002, ex. 3
eturin@mcgpc.com

5
6

*Counsel for Plaintiff and Proposed Class
Counsel*

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11
12

Y.H., by and through her Guardian
NATHAN HARRIS, individually and on
behalf of similarly situated individuals,

Case No. 8:22-cv-998-SSS

**PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR
MOOTNESS, OR IN THE
ALTERNATIVE, TO COMPEL
ARBITRATION**

13

Plaintiff,

14

v.

15
16

BLIZZARD ENTERTAINMENT, INC.,
Delaware corporation,

Judge: Hon. Sunshine S. Sykes
Courtroom: 2

17

Defendant.

Action Filed:        May 3, 2022
Removal Date:     May 17, 2022

18
19

Hearing Date:     Nov. 18, 2022
Time:                  2:00pm
Courtroom:         2

20

21
22

Trial Date:  None set

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   FACTUAL BACKGROUND ......................................................... 2

III.  STANDARD OF LAW ................................................................ 4

IV.   ARGUMENT .............................................................................. 5

    A.    Defendant's Unilateral Tender Of A Check To Plaintiff's Counsel Does Not "Moot" This Putative Class Action. .................................... 5

    B.    Plaintiff Cannot Be Compelled To Arbitrate Her Claims. ................. 11

V.    CONCLUSION ........................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986) ....................................................................... 4, 5, 12

*Bayer v. Neiman Marcus Grp., Inc.*,
861 F.3d 853 (9th Cir. 2017) ................................................................ 4

*B.D. v. Blizzard Ent., Inc.*,
76 Cal. App. 5th 931 (2022) ............................................................... 11

*Berg v. Traylor*,
148 Cal. App. 4th 809 (2007) ............................................................... 7

*B.F. v. Amazon.com Inc.*,
858 F. App'x 218, 221 (9th Cir. 2021) .............................................. 12

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016) .............................................................................. 6

*Chafin v. Chafin*,
568 U.S. 165 (2013) .............................................................................. 4

*Chen v. Allstate Ins. Co.*,
819 F.3d 1136 (9th Cir. 2016) .............................................................. 8

*Coughenour v. Del Taco, LLC*,
57 Cal. App. 5th 740 (Cal. Ct. App. 2020) ................................ 7, 12, 13

*Deck v. Spartz, Inc.*,
No. 11-cv-01123, 2011 WL 7775067 (E.D. Cal. 2011) ....................... 7

*Doe v. Epic Games, Inc.*,
435 F. Supp. 3d 1024 (N.D. Cal. 2020) ............................................. 13

*Edwards v. Oportun, Inc.*,
193 F. Supp. 3d 1096 (N.D. Cal. 2016) ............................................... 9

*Ellis v. Salt River Project Agric. Improvement & Power Dist.*,
24 F.4th 1262 (9th Cir. 2022) ............................................................... 8

*Granite Rock Co. v. Int'l Bhd. Of Teamsters*,
561 U.S. 287 (2010) .............................................................................. 5

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case No. 8:22-cv-998-SSS

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) ................................................................. 5

*Jauregui-Garcia v. Garland*,
    850 F. App'x 536 (9th Cir. 2021) ...................................... 6

*In re Juul Labs, Inc. Antitrust Litigation*,
    555 F. Supp. 3d 932 (N.D. Cal. 2021) ........................... 14

*Le Baron v. Berryessa Cattle Co.*,
    78 Cal. App. 536 (Cal. Dist. Ct. App. 1926) ...................... 7

*Lopez v. Kmart Corp.*,
    No. 15-cv-01089, 2015 WL 2062606 (N.D. Cal. 2015) ............... 13

*Luman v. NAC Mktg. Co., LLC*,
    No. 13-cv-00656, 2017 WL 3394117 (E.D. Cal. 2017) ................. 8

*Norcia v. Samsung Telecommunications Am., LLC*,
    845 F.3d 1279 (9th Cir. 2017) ........................................ 12

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011) .......................................... 9

*Porter v. Jones*,
    319 F.3d 483 (9th Cir. 2003) ............................................ 4

*R.A. v. Epic Games, Inc.*,
    No. 19-cv-01488, 2019 WL 6792801 (C.D. Cal. 2019) ............ 2, 13

*R.A. v. Epic Games, Inc.*,
    No. 19-cv-325, 2020 WL 865420 (E.D.N.C. 2020) .................... 10

*RBB2, LLC v. CSC ServiceWorks, Inc.*,
    No. 18-cv-00915, 2019 WL 1170484 (E.D. Cal. 2019) ................. 9

*Stromberg v. Ocwen Loan Servicing, LLC*,
    No.15-cv-04719-JST, 2017 WL 2686540 (N.D. Cal. 2017) ........... 9

*T.K. v. Adobe Sys. Inc.*,
    No. 17-cv-04595, 2018 WL 1812200 (N.D. Cal. 2018) .......... 9, 10, 13

*Totten v. Kellogg Brown & Root, LLC.*,
    152 F. Supp. 3d 1243 (C.D. Cal. 2016) ............................... 5

*United Steelworkers of Am. V. Warrior & Gulf Nav. Co.*,

iv

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case No. 8:22-cv-998-SSS

363 U.S. 574 (1960) ......................................................................................... 4

**<u>Statutes</u>**

Cal. Fam. Code § 6710 ............................................................................. 5, 7, 12

1    Plaintiff Y.H., a minor, by and through her Guardian Nathan Harris
2    (collectively "Plaintiff"), respectfully submits this memorandum opposition to
3    Defendant's Motion to Dismiss for Mootness, or in the Alternative, to Compel
4    Arbitration (Dkt. No. 19) ("Motion to Dismiss").

5    **I.    INTRODUCTION**

6    Rather than addressing the merits of Plaintiff's claims regarding its deceptive
7    and predatory video game, Defendant has instead chosen to attempt to "pick off" the
8    Plaintiff by unilaterally sending her a check purportedly offering complete relief.
9    However, contrary to Defendant's mischaracterizations of its communications with
10   Plaintiff's counsel, Plaintiff never "instructed" Defendant to send her a check for the
11   purported amount of purchases that she seeks to be refunded for herself and the other
12   class members she seeks to represent. More critically, as Plaintiff made clear in such
13   communications, Plaintiff brought her claims on behalf of herself and a *class* of
14   similarly situated individuals and seeks relief, including injunctive relief and
15   attorney's fees on behalf of the *class*. Defendant sending a check to Plaintiff – which
16   remains uncashed –failed to provide Plaintiff complete relief. As such, and as the
17   Supreme Court and Ninth Circuit has itself found in identical circumstances,
18   Defendant's efforts to put an early end to Plaintiff's class action for $1,000.00 should
19   be denied.

20   Nor is there any more merit to Defendant's argument that Plaintiff's claims are
21   bound by an arbitration clause. While Defendant goes on at length about how
22   Plaintiff's *father* purportedly accepted the arbitration agreement, Defendant never
23   argues that Plaintiff herself ever accepted the arbitration agreement. Indeed, it is
24   axiomatic that an individual cannot be bound by an agreement that they never signed
25   or were a party to. That is especially the case here, where Plaintiff is a minor who
26   has an unrestricted right to disaffirm any agreement that she might be bound by.
27   Because Plaintiff *herself* was never a signatory to the arbitration agreement, and

28

because she exercised her unrestricted right to disaffirm any arbitration agreement to the extent that she was even bound by one – as Defendant itself admits she successfully did – Defendant's efforts to compel arbitration of Plaintiff's claims should be denied. As Judge Wu found in similar circumstances, Defendant took advantage of minors to collect hundreds of thousands of dollars in revenue and at its own "risk" that they may disaffirm their purchased and cannot try to enforce its arbitration agreement when "the disaffirmance doctrine discourages entering into [such] agreements with minors." *R.A. v. Epic Games, Inc.*, No. 19-cv-1488, 2019 WL 6792801, at *7, fn. 2 (C.D. Cal. July 30, 2019).

For these reasons and those stated further below, Defendant's Motion to Dismiss should be denied in its entirety.

## II.   FACTUAL BACKGROUND

Plaintiff filed her Complaint on May 3, 2022, alleging that Defendant engages in unfair and deceptive practices in how it markets and sells in-game content in its "Hearthstone" video game. (Cpompl., Dkt. 1-1.) Specifically, Defendant's Hearthstone video game is a turn based digital card game that is playable on personal computers, laptops, and mobile devices. (*Id.* at ¶ 2.) Player's play the game by collecting virtual cards that they "battle" with, similar to real-world card games like Magic: The Gathering or Pokémon. (*Id.* at ¶ 17.) Critically, while Defendant's video game is supposedly "free to play," the manner in which the game is structured is such that it is almost impossible to acquire any valuable cards without buying them using real-world currency. (*Id.* at ¶¶ 20–21.) However, when purchasing cards, players are never actually told what card they are purchasing and they are instead forced to buy "packs" of cards whose value the player does not know until *after* they have purchased them. (*Id.* at ¶¶ 22–23.) In this manner, Defendant's card packs essentially amount to players paying to gamble on receiving a winning card. (*Id.* at ¶ 3.) Indeed,

and even more insidiously, Defendant strings players along by increasing the odds of obtaining a valuable card based on the number of purchases made rather than providing the same odds with each purchase, effectively encouraging players to make repeated purchases in the hope that they finally get a valuable card with most of the card packs containing worthless cards with little value. (Compl. at ¶¶ 25–26.)

Plaintiff's experience with the game is instructive of most players' experiences with it. Plaintiff Y.H. played Defendant's Hearthstone video game from 2019 to 2021 during which time she purchased numerous card packs amounting to over $300.00 in purchases. (*Id.* at ¶ 27.) Plaintiff made the purchases through her father's credit cards and debit cards that were linked to the gaming account she used. (*Id.* at ¶ 28.) However, Plaintiff never actually received any valuable cards from the card packs that she purchased and never knew the odds of receiving a valuable card in any of the packs. (*Id.* at ¶¶ 29, 31.) As such, Plaintiff no longer plays Hearthstone and wishes that she never purchased the card packs. (*Id.* at ¶ 32.) Critically, knowing that it made significant profits from repeated purchases, Defendant failed to implement any age verification or parental control features that would have stopped minors such as Plaintiff from making such purchases. (*Id.* at ¶ 33, 37, 62.) Indeed, Plaintiff did not recollect seeing, reading, or agreeing to Defendant's Terms of Use prior to playing Defendant's game. (*Id.* at ¶ 35.)

Through her Complaint Plaintiff disaffirmed all in-game purchases she had made in the game and requested a refund *and* a declaratory judgment that the action can proceed as a class action, entitling the class members to disaffirm their contracts with Defendant, and reasonable attorneys' fees and costs. (*Id.* at ¶¶ 54, 71, 72.) Plaintiff also sought an injunction pursuant to Bus. & Prof. Code § 17203 enjoining Defendant from continuing to engage in its deceptive conduct of selling card packs

that players such as Plaintiff had no idea would have little to no value. (Compl. at ¶ 70.)

Following the filing of Plaintiff's Complaint, Defendant's counsel reached out to Plaintiff's counsel to ask for additional information regarding Plaintiff's account and the amount of the purchases that she had made. (Declaration of Jeffrey S. Jacobson, Dkt. 19-1, at ¶¶ 2, 6.) Critically, while Defendant argues that Plaintiff "instructed" Defendant to send a check to her in the amount of her purchases, as shown in the email Defendant itself filed with the Court, Plaintiff provided the total amount of purchases made by Defendant as a courtesy to Defendant solely "for the purposes of your forthcoming response" and made clear that Plaintiff "disagree[s] that any attempt to refund the purchases will result in Plaintiff's claims being moot as they were brought on behalf of a putative class and seek injunctive relief and attorney's fee[.]" (*See* June 21, 2022 email, Dkt. 34-1, at Page ID 345.)

## III.   STANDARD OF LAW

"A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (internal quotation marks and citation omitted). A defendant bears a "heavy burden" to show that the case it moot: it must be "impossible for a court to grant any effectual relief whatever to the prevailing party." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (internal quotation marks and citations omitted). In other words, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 173 (2013) (internal quotation marks and citations omitted).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citing *United Steelworkers*

4

*of Am. V. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Thus, whether parties to an agreement "have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." *Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287, 296 (2010) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 93 (2002)). Further, it is a well-settled principle by the Supreme Court that courts are tasked with deciding issues that concern contract formation – *i.e.*, whether the parties actually formed an agreement to arbitrate. *Granite Rock*, 561 U.S. at 296. Courts require "clear and unmistakable" evidence of the parties' intent for the arbitrator to decide questions of arbitrability. *AT&T Techs.*, 475 U.S. at 649. "When evaluating a motion to compel arbitration, courts treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in light most favorable to the non-moving party." *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1249 (C.D. Cal. 2016).

## IV.   ARGUMENT

### A.   Defendant's Unilateral Tender Of A Check To Plaintiff's Counsel Does Not "Moot" This Putative Class Action.

Plaintiff's Complaint seeks the following relief individually and on behalf of a class: (a) declaratory judgment regarding the ability of minors to obtain refunds from Defendant of all in-game purchases *without restriction* (Count I); (b) monetary and *injunctive relief* under the UCL to remedy Defendant's representation that it will not provide refunds to minors and deception with respect to selling its in-game "Pack" items (Count II); and (c) in the alternative, restitution of amounts spent in-game pursuant to an unjust enrichment theory. (Compl. at ¶¶ 46–77.)

Because Defendant, as it acknowledges, "[does] not wish to incur the expense and burden" (MTD at 10) of litigating this case to the class certification stage (and risk the Court requiring it to provide class-wide relief), Defendant's counsel

5

1   attempted a tactic that, at least until the Supreme Court's decision in *Campbell-Ewald*

2   *Co. v. Gomez*, 577 U.S. 153 (2016) ("*Campbell-Ewald*"), some federal courts had

3   countenanced: tender a payment in the amount of the named class representative's

4   maximum monetary damages in order to argue that there is no longer a live "case or

5   controversy" present necessary for the presiding court to exercise Article III

6   jurisdiction. The tactic became known as "picking off" the named plaintiff to prevent

7   a class action from proceeding. Defendant's effort to do so here fails for three

8   reasons.

9        First, as Defendant also acknowledges, (Mot. at 16–17), its whack-a-mole

10  attempt to "moot" Plaintiff's *individual* disaffirmation claim by tendering an

11  unsolicited check to Plaintiff's counsel runs headfirst into the U.S. Supreme Court's

12  decision in *Campbell-Ewald*. There, the Supreme Court resolved a Circuit split

13  concerning whether a defendant can moot a class action by tendering "complete

14  relief" of their individual claim prior to class certification in order to moot their

15  Article III standing. The Supreme Court decided – as a matter of basic contract law

16  – that where a putative class representative does not accept such a settlement offer,

17  the tender does not moot their claim or ability to represent a class. *Campbell-Ewald*,

18  577 U.S. at 156 ("Like other unaccepted contract offers, it creates no lasting right or

19  obligation . . . adversity between the parties persists"). A primary reason for is that a

20  case is only moot "when it is impossible for a court to grant any effectual relief

21  whatever to the prevailing party." *Id.* at 160 (internal quotations omitted); *Jauregui-*

22  *Garcia v. Garland*, 850 F. App'x 536, 537 (9th Cir. 2021).

23       Defendant attempts to distinguish *Campbell-Ewald* here by insinuating that

24  Plaintiff "offered resolution of [her claim]" (Mot. 17), but that is demonstrably not

25  true. On June 21, 2022, Plaintiff's counsel honored Defendant's counsel's repeated

26  requests for the amount that Plaintiff had spent in Defendant's Hearthstone game, but

27

28

6

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case No. 8:22-cv-998-SSS

explicitly *rejected* any position that a check in that amount would fully resolve the relief sought in Plaintiff's Complaint. (Dkt. 34-1.) In addition, Defendant attempts to reinvent disaffirmation claims as an "offer by a minor" to void an agreement "in exchange for a refund," but that argument overlooks that (as applicable statutory title demonstrates) disaffirmation is a unequivocal *right*.[1] Cal. Fam. Code § 6710 (titled "*Right* of disaffirmance) (emphasis added).[2] In other words, disaffirmation is automatic, and the validity of a disaffirmance is not contingent upon a defendant's willingness or inclination to provide a refund, as Defendant wrongly suggests. *Coughenour v. Del Taco, LLC*, 57 Cal. App. 5th 740, 748 (Cal. Ct. App. 2020) ("A contract (or conveyance) of a minor may be avoided by any act or declaration disclosing an unequivocal intent to repudiate its binding force and effect . . . The filing of a lawsuit is sufficient disaffirmance") (internal citations and quotations omitted). Thus, the Court should reject Defendant's attempt to distinguish *Campbell-Ewald* with a specious and incorrect argument a that there, the plaintiff rejected a settlement, but here, Plaintiff invited a settlement.

Moreover, Defendant has not in fact offered Plaintiff "complete relief." Nowhere in Defendant's Motion or elsewhere in the record is there any indication or evidence that Defendant intends to satisfy Plaintiff's request for injunctive relief, and inform minors going forward that they have the right to disaffirm their in-game purchases and receive refunds, or discontinue the sale of its deceptive and illusory

---

[1] *Berg v. Traylor*, 148 Cal. App. 4th 809, 818 (2007) ("Although in many instances such disaffirmance may be a hardship upon those who deal with an infant, the *right* to avoid his contracts is conferred by law upon a minor 'for his protection against his own improvidence and the designs of others'") (emphasis added).

[2] Put differently, disaffirmation has the same effect as recission, rather than a mere "offer." *See Deck v. Spartz, Inc.*, No. 11-cv-01123, 2011 WL 7775067, at *6 (E.D. Cal. Sept. 27, 2011) ("The effect of disaffirmation by a minor is largely the same as rescission." (quoting *Le Baron v. Berryessa Cattle Co.,* 78 Cal. App. 536 (Cal. Dist. Ct. App. 1926)).

Pack in-game items. To the contrary, Defendant affirmatively represents that it will continue to challenge minors' rights to disaffirm their in-game purchases and obtain refunds. (Mot. at 16) (stating that Defendant reserves the "right to reject attempts by other players to invoke California Family Code § 6170 (or similar laws of other states)"), which is precisely what Plaintiff's request for declaratory relief (Count I) aims to prevent.

Further still, even if Defendant had offered all of the individual monetary relief (including attorneys' fees),[3] or undertaken to provide *any* of the injunctive relief, sought in Plaintiff's Complaint, Plaintiff's class claims would not be "moot," precluding dismissal here. Shortly after the Supreme Court decided *Campbell-Ewald*, the Ninth Circuit decided that in order to successfully "moot" a putative class action, the defendant must also offer complete relief on the named plaintiff's class claims. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1147 (9th Cir. 2016) ("[W]hen a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification"); *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1269 (9th Cir. 2022) (citing *Chen*) ("[F]orcing the settlement of the class representative's claims prevents the representative from "fairly and adequately protect[ing] the interests of the class" and obtaining a class-wide settlement"). In *Chen*, the Ninth Circuit reasoned that a defendant's refusal to tender class-wide relief forecloses dismissal on mootness ground because "[w]hen a named plaintiff has

---

[3] *Luman v. NAC Mktg. Co., LLC*, No. 13-cv-00656, 2017 WL 3394117, at *3 (E.D. Cal. Aug. 8, 2017) (finding the defendant had not offered "complete relief" because "it has not agreed to the injunctive relief [plaintiff] requests, paid his attorneys' fees, or reimbursed his litigation related costs").

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case No. 8:22-cv-998-SSS

1  requested class certification and class relief in its complaint, but has not yet had a

2  reasonable opportunity to file a motion seeking class certification, an offer of

3  individual relief should not be considered to be a tender of all relief requested in the

4  complaint." *Id.* at 1148.

5      Following the Ninth Circuit's decision in *Chen*, courts in this Circuit have

6  consistently refused to permit defendants to subvert the class action mechanism by

7  picking off named plaintiffs prior to the class certification stage. *See, e.g.*, *RBB2,*

8  *LLC v. CSC ServiceWorks, Inc.*, No. 18-cv-00915, 2019 WL 1170484, at *8 (E.D.

9  Cal. Mar. 13, 2019) ("[E]ven if the claims of Plaintiff, as the named representative,

10  were moot prior to class certification, the putative class itself would be entitled to

11  proceed to certification because its claims would not be moot"); *Stromberg v. Ocwen*

12  *Loan Servicing, LLC*, No.15-cv-04719-JST, 2017 WL 2686540, at *7-8 (N.D. Cal.

13  June 22, 2017) (collecting cases) (holding that the plaintiff's claim was not moot

14  because she rejected the settlement offer and that even if the individual claim were

15  moot, the Court would not dismiss the claim until the plaintiff "had a fair opportunity

16  to move for class certification"); *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096

17  (N.D. Cal. 2016) (same); *T.K. v. Adobe Sys. Inc.*, No. 17-cv-04595, 2018 WL

18  1812200, at *12 (N.D. Cal. Apr. 17, 2018).

19      Defendant does not attempt to address *Chen* or any Ninth Circuit precedent

20  making clear that a district court cannot dismiss a putative class action on mootness

21  grounds prior to a ruling class certification.  *See also Pitts v. Terrible Herbst, Inc.*,

22  653 F.3d 1081, 1090 (9th Cir. 2011). Defendant halfheartedly attempts to distinguish

23  *T.K. v. Adobe Systems Inc.* by pointing out that in that case, the defendant refused to

24  issue a full refund to the minor upon his guardian's request before the case was filed,

25  but fails to explain how that is any different than the situation here, where Plaintiff

26  has alleged that Defendant has at all times refused refunds to minors as a matter of

27

28

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case No. 8:22-cv-998-SSS

1    policy. In any event, Defendant completely ignores the *T.K.* court's explanation that
2    even if it were to determine that the minor plaintiff's claims were moot, it could not
3    dismiss the case on mootness grounds in light of *Chen*. *T. K.*, No. 17-cv-04595, 2018
4    WL 1812200, at *12 ("[E]ven if T.K.'s claim were moot, under *Chen* and *Pitts*, the
5    Court would not dismiss based on mootness before T.K. has the opportunity to seek
6    class certification").

7         Unable to find any district court decision from this Circuit (following *Chen*)
8    that would support dismissal here on mootness grounds, Defendant points to a
9    decision from the Eastern District of North Carolina where the court dismissed a
10   minor's claims not on mootness grounds, but rather for failure to state a claim. *R.A.*
11   *v. Epic Games, Inc.*, No. 19-cv-325, 2020 WL 865420, at *2 (E.D.N.C. Feb. 20,
12   2020). In that case, the plaintiff did not mention disaffirmation in his complaint, but
13   rather disaffirmed his contract with the defendant solely in response to a motion to
14   compel arbitration. *See R.A. v. Epic Games, Inc.*, 2019 WL 6792801, at *4 ("In his
15   Opposition papers, R.A. purportedly disaffirms the contract"). That is to say, the *R.A.*
16   plaintiff did not seek refunds under disaffirmation principles on behalf of a class, as
17   Plaintiff seeks here.[4] Thus, the *R.A.* court credited the disaffirmation, but dismissed
18   the plaintiff's non-disaffirmation consumer protection claims because the court,
19   seemingly on equitable grounds, decided the plaintiff could not base those claims on
20   transactions that he voided.

21        Regardless of whether *R.A.* was rightly or wrongly decided, it is inapposite
22   here, because the court there did not appear to base its decision on *Campbell-Ewald*
23   or constitutional mootness principles generally. In addition, that court was not bound
24   by the Ninth Circuit's decision in *Chen*, as is this Court. Defendant's heavy reliance

25
26   _____
     [4] A true and correct copy of the *R.A.* plaintiff's operative complaint filed in the
27   Eastern District of North Carolina is attached hereto as Exhibit A.

                                         10
28

on *R.A.* is thus not surprising, but under *Chen* this Court cannot dismiss Plaintiff's claims on mootness grounds at this pre-certification stage.

In sum, Defendant fails to carry its heavy burden of demonstrating mootness. Plaintiff has not accepted Defendant's unilateral cash settlement offer, which does not even constitute the "complete relief" sought in Plaintiff's Complaint. In any event, even if Defendant's tender of a check did "moot" Plaintiff's individual claim, it has not mooted her class claims, and thus the Court could not dismiss the case on mootness grounds prior to a ruling on class certification.  Accordingly, Defendant's motion to dismiss on mootness grounds should be denied.

### B.    Plaintiff Cannot Be Compelled To Arbitrate Her Claims.

Similar to Defendant's argument that Plaintiff Y.H.'s claims are moot, Defendant's argument that Y.H. has agreed to arbitrate her claims is a misguided effort to prematurely avoid facing the merits of Plaintiff's claims that is not supported by the actual facts or law presented. Critically, and most paradoxically, Defendant repeatedly argues that "Mr. Harris Repeatedly Accepted Blizzard's EULA," (MTD at 19), "Mr. Harris Agreed to Arbitrate Disputes Related to ***His*** Account" (*id.* at 21) (emphasis added). However, Defendant fails to explain how Mr. Harris' acceptance of Defendant's EULA is somehow binding on Y.H., the actual Plaintiff in this matter. Indeed, while Defendant argues that it's EULA contains fair terms (*id.* at 25, 30), and that even Y.H.'s acceptance of the EULA would be binding on Mr. Harris (*id.* at 27), Defendant cites to no facts or authority regarding how *Y.H.*'s claims are bound to be arbitrated. Nor is Defendant's citation to *B.D. v. Blizzard Ent., Inc.*, 76 Cal. App. 5th 931, 947 (2022) at all helpful or relevant because it did not involve in any way the issue of minor disaffirmation and solely revolved around whether Defendant's EULA was procedurally or substantively unconscionable.

It is axiomatic that a party cannot be compelled to abide by the terms of an agreement that they never signed. *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) ("A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (quoting *AT&T Techs., Inc.*, 475 U.S. at 648). Defendant does not contend that Plaintiff herself was ever a signatory to the agreement. Nor can Defendant claim that the "close-relationship" between Y.H. and Mr. Harris is itself sufficient for Mr. Harris' consent to arbitration to be binding upon Plaintiff. *See B.F. v. Amazon.com Inc.*, 858 F. App'x 218, 221 (9th Cir. 2021) ("this theory is generally only used by non-signatories to bind signatories to arbitration, not the reverse"). Critically, the language that Mr. Harris supposedly agreed to only stated that "[i]n the event that you permit your minor child . . . to use an Account on the service" he "agree[s] to the Agreement on behalf of yourself and your Child, and *you* understand and agree that *you* will be responsible for all uses of the Account by your Child whether or not such uses were authorized by *you*." (MTD at 21) (emphasis added). Nothing in the EULA's language suggests that the "Child" themselves will be bound by the agreement or that their consent was obtained in entering into the agreement.

Critically, even to the extent that the Court finds that Plaintiff Y.H. was somehow bound by Defendant's EULA, Plaintiff disaffirmed any such agreement through the filing of this lawsuit. (*See* Comp. at ¶¶ 46–54.) Under Cal. Fam. Code § 6710 there is an unequivocal right for "a contract of a minor" to "be disaffirmed by the minor." *See also Doe v. Epic Games, Inc*., 435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020) ("the minor's power to disaffirm a contract is broad and can be invoked through any act or declaration that conveys his intent to repudiate a contract") (internal citations omitted); *Coughenour* , 57 Cal. App. 5th at 750–51 ("Family Code section 6710 provides for a minor's 'right of disaffirmance' allowing for

12

a minor to disaffirm a contract"). Indeed, while Defendant attempts to challenge Plaintiff's disaffirmance (MTD at 33–34), as other courts have held, "[n]o specific language is required to communicate an intent to disaffirm." *R.A.*, 2019 WL 6792801, at *7. As the court in *Doe v. Epic Games* found, the plaintiff's pleading of a claim for "declaratory judgment . . . for a minor's right to disaffirm in-App purchases," as Plaintiff has pled here (Compl. at ¶¶ 50–54), is "sufficient to "disclos[e] [plaintiff's] unequivocal intent to repudiate [the] binding force and effect of both EULAs." 435 F. Supp. 3d at 1036.[5] This is especially the case given that Defendant does not dispute that Plaintiff Y.H. has not played Hearthstone since filing this suit. (Compl. at ¶ 32; Dkt. 19-2 at ¶ 31.) As such, where a minor has disaffirmed a contract, she "has exercised [her] statutory right of disaffirmance, thereby rescinding the contract and rendering it a nullity" and "there is no valid agreement to arbitrate." *Lopez*, No. 15-cv-01089, 2015 WL 2062606, at *7 (N.D. Cal. May 4, 2015) (internal citations omitted); *see also Coughenour*, 57 Cal. App. 5th 750 ("the trial court should accept that Coughenour disaffirmed the Agreement and was not required to submit her claims to arbitration"); *T.K.*, 2018 WL 1812200, at *6 ("In these circumstances, the Court sees no basis to enforce the arbitration or no-class-action terms of a contract that is now a 'nullity'").

Critically, Defendant's efforts to enforce arbitration and deny the validity of Plaintiff's disaffirmation of any EULA that arguably could have been applicable to her are themselves rendered moot given that Defendant "already has accepted Y.H.'s disaffirmation." (MTD at 2.) As the above case law, and California law commands, that alone should result in Defendant's Motion to Compel Arbitration to be denied.

---

[5] In fact, Defendant's argument on this point is self-defeating given that Defendant claims that it "already has accepted Y.H.'s disaffirmation." (MTD at 2.)

## V.    CONCLUSION

For the foregoing reasons, Plaintiff, Y.H. respectfully requests that the Court deny Defendant's Motion to Dismiss for Mootness, or in the Alternative, to Compel Arbitration and grant such other relief the Court deems reasonable and just.[6]

DATED: October 24, 2022                    Respectfully submitted,

Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*

Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

---

[6] To the extent the Court is inclined to grant Defendant's Motion on either ground, Plaintiff respectfully requests leave to amend to substitute the lead named plaintiff with another minor-plaintiff whose claims have not been mooted and who are not subject to the same arbitration defenses as the named plaintiff. *See In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 957 (N.D. Cal. 2021) (granting motion to compel arbitration but giving "leave to amend to substitute a named direct purchaser plaintiff . . . who otherwise is not subject to [defendant's] Terms and Condition").

14