UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.H., *individually and on behalf of similarly situated individuals*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>BLIZZARD ENTERTAINMENT, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 8:22-cv-00998-SSS-ADSx<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR MOOTNESS OR, IN THE ALTERNTATIVE, TO COMPEL ARBITRATION [DKT. 19]** |

Before the Court is Defendant Blizzard Entertainment, Inc.'s ("Blizzard") Motion to Dismiss Plaintiff Y.H.'s Complaint for Mootness or, in the alternative, to Compel Arbitration ("Motion"). [Dkt. 19]. The Motion is fully briefed and ripe for consideration. For the following reasons, Blizzard's Motion is DENIED.

## I. BACKGROUND

Plaintiff Y.H.'s father had an online game account with Blizzard. [Dkt. 19 at 9, lines 6–7]. To create his account Y.H.'s father accepted Blizzard's End User License Agreement ("EULA"). [Dkt. 19-2 at 2, ¶4]. The EULA includes an arbitration agreement and class action waiver. [Dkt. 19-6 at 23–25]. To keep his account active, Y.H.'s father accepted each of the EULA's as Blizzard amended and issued them. [Dkt. 19-2 at 3, ¶6].

One of the games Y.H's father had in his account with Blizzard was a game called *Hearthstone*. [Dkt. 19 at 9, lines 8–9]. Y.H. played *Hearthstone* using her father's account. [Dkt. 19 at 10, ¶27]. While she played, Y.H., using her father's credit and debit cards on file, bought several card packs and expansion packs for the game.[1] [Dkt. 1-1 at 10, ¶¶27–28]. Y.H. did not have her father's permission to make these purchases. [Dkt. 1-1 at 10, ¶28]. Y.H. did not receive the cards she was hoping to receive and no longer plays *Hearthstone*. [Dkt. 1-1 at 11, ¶¶31-32].

Y.H. initiated this suit on May 3, 2022. [Dkt. 1-1]. On May 16, 2022, counsel for both parties met and conferred. [Dkt. 19- at 2, ¶5]. At that meeting counsel for Blizzard stated that "Blizzard accepted Y.H.'s disaffirmation of the purchases asserted in the Complaint, and Blizzard would issue a refund of these purchases in their entirety." [Dkt. 19-1 at 3, ¶6]. On June 21, 2022, counsel for Y.H. informed Blizzard that Y.H.'s purchases totaled $1,179.71. [Dkt. 19-1 at

---

[1] *Hearthstone* card packs can be purchased in the game using in-game currency called "Gold" or actual currency. [Dkt. 1-1 at 8–9, ¶¶21–22]. Card packs can cost anywhere from $2.99 to $69.99. [Dkt. 1-1 at 9, ¶22]. The content of the card packs is unknown to the purchaser before purchase. [Dkt. 1-1 at 9, ¶23].

3, ¶7]. Counsel for Y.H. instructed counsel for Blizzard to make the check payable to Y.H. [Dkt. 19-1 at 3, ¶7]. Counsel for Blizzard mailed the check to Y.H. and received a delivery receipt on June 24, 2022. [Dkt. 19-1 at 3, ¶8].

## II.  Legal Standard

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level. . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . " *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the


reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

### III. DISCUSSION

Blizzard argues Y.H.'s claims against them are moot because Blizzard has issued Y.H. a refund, rendering her first claim for declaratory judgment and third claim for unjust enrichment moot. [Dkt. 19 at 14–15]. In the alternative, Blizzard argues that Y.H.'s claims are subject to arbitration pursuant to its EULA. [Dkt. 19 at 19]. Y.H. argues that her claims are not moot because Blizzard failed to resolve her class claims and claim for injunctive relief. [Dkt. 43 at 13–14]. Moreover, Y.H. argues she cannot be compelled to arbitrate her claims because Blizzard's EULA is not binding on her. [Dkt. 43 at 16]. The Court addresses these issues below.

**A.   Motion to Dismiss for Mootness**

An individual claim becomes moot when a plaintiff "actually receives" all the relief she could otherwise receive through continued litigation. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016). "When a plaintiff has

received 'all the relief [he] could win on the merits,' an adjudication would have no 'consequences on remaining related disputes between the parties' and 'nothing further would be ordered by the court, there is no point in proceeding to decide the merits.'" *Chen*, 819 F.3d at 1142 (quoting 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.2 (3ed. 2015). However, in putative class actions, where a defendant offers complete relief to a named plaintiff, but fails to offer complete relief on plaintiff's class claims, a court should not moot the claims before class certification has been sought. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016) ("While a class lacks independent status until certified. . .a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted."); *see also Chen*, 819 F.3d at 1147.

Here, Y.H.'s claims against Blizzard were on behalf of herself and a proposed class. [Dkt. 1-1]. Blizzard accepted Y.H.'s disaffirmation of her purchases and sent her a check refunding the purchases in their entirety. [Dkt. 19-1 at 3, ¶6 & ¶8]. Blizzard maintains that because disaffirmation is an individual act, Y.H. cannot maintain its lawsuit against it. [Dkt. 19 at 16–17]. Blizzard is misguided. Y.H. has yet to file her motion for class certification and her claims cannot be moot until she has been given that opportunity. *Campbell-Ewald Co.*, 577 U.S. at 165. As such, the Court declines to moot Y.H.'s claims at this time.

**B.  Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA") mandates that district court's "direct the parties to proceed to arbitration on issues as to which an arbitration agreement is signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). As such, there is a "liberal federal policy favoring arbitration." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The Court's role is to determine (1) whether a valid agreement to arbitrate exists and (2) whether the

agreement applies to the dispute at issue. *Doe v. Epic Games*, 435 F. Supp. 3d 1024, 1034 (N.D. Cal. 2020). Where there is a valid arbitration agreement that is applicable to the dispute, "'the Act requires the court enforce the arbitration agreement in accordance with its terms.'" *Id*. (quoting *Daugherty v. Experian Info. Sols. Inc.*, 847 F. Supp. 2d 1189, 1193 (N.D. Cal. 2012)).

"[A] contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards. . ." Cal. Fam. § 6710. A minor may disaffirm their contract by any act or declaration indicating their intent to disaffirm. *Doe*, 435 F. Supp. 3d at 1035. Disaffirmance of a contract renders the contract null in its entirety. *Id*. "Accordingly, if a minor seeks to disaffirm a contract, equitable principles dictate that [the minor] must disaffirm the entire contract, not just the irksome portions." *Id*. at 1036 (quoting *I.B. by & through Fife v. Facebook, Inc.*, No. C 12-1894 CW, 2013 WL 6734239, at *3 (N.D. Cal. Dec. 20, 2013).

Here, Y.H. disaffirmed the purchases she made and any agreement she had with Blizzard when she initiated this lawsuit. *Coughenour v. Del Taco, LLC*, 57 Cal. App. 5th 740, 750 (Crt. App. 2020). As such, Y.H. disaffirmed the entirety of the contract, including the arbitration clause and class action waiver. *Doe*, 435 F. Supp. 3d at 1036. Because Y.H.'s disaffirmance of the purchases effectively disaffirms any agreement she had with Blizzard, the Court need not determine whether her father's acceptance of the EULA applied to her. Accordingly, Blizzard's arbitration agreement does not apply in this action.

## IV. Conclusion

It is therefore **ORDERED** that Defendant Blizzard's Motion to Dismiss or, in the alternative, Motion to Compel Arbitration [Dkt. 19] is **DENIED.** Blizzard is hereby **ORDERED** to file an Answer to Y.H.'s complaint [Dkt. 1-1] on or before **December 6, 2022.**

**IT IS SO ORDERED**.

Dated: November 29, 2022

SUNSHINE S. SYKES
United States District Judge