Ryan M. Salzman (SBN 299923)
ryan.salzman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:  +1 310 203 4000
Facsimile:   +1 310 229 1285

JEFFREY S. JACOBSON (*pro hac vice*)
jeffrey.jacobson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

Attorneys for Defendant
BLIZZARD ENTERTAINMENT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.H., by and through her Guardian NATHAN HARRIS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BLIZZARD ENTERTAINMENT, INC., Delaware corporation,<br><br>Defendant. | Case No. 8:22-cv-998-SSS<br><br>**DEFENDANT BLIZZARD ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY QUESTION PURSUANT TO 28 U.S.C. § 1292(B)**<br><br>Date:   January 13, 2023<br>Time:  2:00 p.m.<br>Dept:   2<br>Judge:  Hon. Sunshine S. Sykes<br><br>Action Filed:   May 3, 2022<br>Removal Date: May 17, 2022<br><br>Trial Date:     None set |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. LEGAL STANDARD ................................................................................ 4

III. REASONABLE GROUNDS EXIST FOR A DIFFERENCE OF JUDICIAL OPINION ON THE MOOTNESS ISSUE ................................. 5

IV. THE COURT BASED ITS ORDER ON A PURE ISSUE OF LAW ............ 7

V. ULTIMATE TERMINATION WOULD BE ADVANCED IF THE NINTH CIRCUIT CONSIDERS THE MOOTNESS ISSUE AT THE SAME TIME IT HEARS THE AS-OF-RIGHT APPEAL FROM THE COURT'S DENIAL OF BLIZZARD'S ARBITRATION MOTION ............ 8

VI. CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Animal Legal Defense Fund v. U.S. Dep't of Agriculture*,
   935 F.3d 858 (9th Cir. 2019) ........................................................................... 3, 8

*In re Apple Inc. App Store Simulated Casino-Style Games Litig.*,
   No. 5:21-md-2985-EJD, 2022 WL 4009918
   (N.D. Cal. Sept. 2, 2022) .................................................................................... 5

*Asis Internet Servs. v. Active Response Group*,
   No. C07 6211 TEH, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ................... 5

*In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1982) ........................... 3, 4, 8

*Doe v. Epic Games, Inc.*, 435 F. Supp.3d 1024 (N.D. Cal. 2020) ............................ 7

*Figueiredo Ferraz Consultoria E Engenharia de Projeto LTDA v.
   Republic of Peru*, No. 08 Civ. 492 (WHP),
   2009 WL 5177977 (S.D.N.Y. Dec. 15, 2009) ............................................. 3, 5, 8

*Hengle v. Asner*,
   No. 3:19-cv-250 (DJN), 2020 WL 855970 (E.D. Va. Feb. 20, 2020) ................. 5

*I.B. v. Facebook, Inc.*, 905 F. Supp.2d 989 (N.D. Cal. 2012) ................................... 7

*ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*,
   22 F.4th 1125 (9th Cir. 2022) ............................................................................. 5

*R.A. v. Epic Games, Inc.*,
   No. 5:19-cv-325-BO, 2020 WL 865420 (E.D.N.C. Feb. 20, 2020) ............. 2, 6, 7

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ........................................................................... 5, 8

*Smith v. Nerium Int'l, LLC*,
   No. SACV 18-1088 JVS (PLAx), 2019 WL 7205889
   (C.D. Cal. Dec. 9, 2019) ..................................................................................... 3

*T.K. v. Adobe Systems Inc.*,
   No. 17-CV-4595-LHK, 2018 WL 1812200
   (N.D. Cal. Apr. 17, 2018) ................................................................................... 7

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND
AUTHORITIES
- ii -
Case No. 8:22-CV-998-SS

*Teamlab, Inc. v. Museum of Dream Space LLC*,
  No. CV 19-6906 PSG, 2022 WL 17345905
  (C.D. Cal. Nov. 16, 2022) .................................................................................... 2

*Turner v. Burlington N. Santa Fe R.R. Co.*,
  338 F.3d 1058 (9th Cir. 2003) ............................................................................. 2

*U.S. Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966) .......................................... 8

*V.R. v. Roblox Corp.*, No. 22-cv-2716-MMC,
  2022 WL 4591788 (N.D. Cal. Sept. 29, 2022) ............................................ 2, 6, 7

**STATUTES, RULES & REGULATIONS**

9 U.S.C. § 16 ................................................................................................................ 3

28 U.S.C. § 1292(b) .............................................................................................. *passim*

Cal. Family Code § 6710 ................................................................................... 1, 5, 8

Fed. R. App. P. 5(a)(3) ............................................................................................ 4, 9

Fed. R. Civ. P. 59(e) .................................................................................................... 2

**OTHER AUTHORITIES**

16 Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 3930 (3d ed. 2016) .................................................................... 4, 5

## I. INTRODUCTION

Plaintiff Y.H. and her father brought this suit, in part, seeking to declare Y.H.'s (and, by extension, other California minors') rights to disaffirm what she portrays as "her" purchases while she played *Hearthstone*, a game developed and published by Defendant Blizzard Entertainment, Inc. ("Blizzard"). Y.H. made these purchases while playing in her father's gaming account with Blizzard, using methods of payment her father stored in that account, and therefore spending her father's money, not her own. Whether these ever were "her" purchases as a matter of law, therefore—especially given that her father agreed contractually on multiple occasions to be responsible for all purchases made in his account, authorized or not—is debatable, and if they were not "her" purchases, she does not have standing to sue for the purpose of declaring disaffirmation rights under Cal. Family Code § 6710.

Assuming, however, that Y.H. can disaffirm these purchases as she alleges: If she had communicated her disaffirmation to Blizzard *before suing*, and if Blizzard had provided the requested refund, no doubt exists that this would have mooted Y.H.'s demand for a refund. In that circumstance, with Y.H. lacking a personal claim, she would not have had any legal standing to sue to declare the legal rights of others. Y.H., however, skipped the step of pre-suit communications with Blizzard. Instead, she proceeded directly to filing a putative class action lawsuit to declare her and others' asserted rights, without giving Blizzard a chance to address the issue.

Blizzard honored Y.H.'s disaffirmation promptly after she filed her lawsuit. Blizzard then moved to dismiss the case as moot. In this Court's Order dated November 29, 2022 (Dkt. No. 47) (the "Order"), denying Blizzard's motion, this Court decided it was legally permissible for Y.H. to sue for declaratory relief, even though she had not first requested a refund directly from Blizzard—and, of course, Blizzard had not denied a request it never received. The Court also decided that Blizzard's prompt provision of a refund to Y.H. after she sued did not moot Y.H.'s class claims seeking to declare the rights of others.

A principal question on a motion to certify an interlocutory order for immediate appeal is whether reasonable grounds exist for a difference of judicial opinion. In that regard, shortly before this Court issued its Order, Judge Chesney in the Northern District of California reached a different conclusion on very similar facts, holding that a California minor may *not* bring a declaratory judgment suit to declare disaffirmation rights against a video game company unless the company had refused a pre-suit demand for a refund. In *V.R. v. Roblox Corp.*, No. 22-cv-2716-MMC, 2022 WL 4591788, at *1 (N.D. Cal. Sept. 29, 2022), Judge Chesney dismissed class claims for declaratory relief because the minor plaintiff "d[id] not allege that he sought a refund prior to filing the instant action, much less that Roblox denied such request." *Id.* at *2.[1] Further, as the parties addressed during the briefing of Blizzard's motion, the court in *R.A. v. Epic Games, Inc.*, No. 5:19-cv-325-BO, 2020 WL 865420 (E.D.N.C. Feb. 20, 2020), applying California law, also reached a different conclusion. The *R.A.* court dismissed a California minor's Unfair Competition Law claims against a video game company as moot after that company timely honored the minor's disaffirmation of his in-game purchases. *See id.* at *2 ("Plaintiff cannot void the transactions with defendant and receive his refund while simultaneously maintaining causes of action that arise solely from those transactions.").

Blizzard submits that *V.R.*, *R.A.*, and other precedents discussed more fully below demonstrate reasonable grounds for a difference of judicial opinion on the questions of whether Y.H. could bring this case at all without having given Blizzard a pre-suit opportunity to accept her disaffirmation, and whether Blizzard's prompt acceptance of her disaffirmation and provision of a full refund mooted her claims. Where "controlling question[s] of law" exist "as to which there is substantial ground

---

[1] Because the *V.R.* decision constitutes neither new evidence nor a change in "controlling" law (as the decision came from a coordinate court), Blizzard did not provide it to the Court by means of a motion to reconsider. Fed. R. Civ. P. 59(e), however, allows a district court "'considerable discretion' when determining whether to amend its judgments." *Teamlab, Inc. v. Museum of Dream Space LLC*, No. CV 19-6906 PSG (GJSx), 2022 WL 17345905, at *2 (C.D. Cal. Nov. 16, 2022), *quoting Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation," district courts may certify their opinions for interlocutory appeal. 28 U.S.C. § 1292(b). *See Smith v. Nerium Int'l, LLC*, No. SACV 18-1088 JVS (PLAx), 2019 WL 7205889 (C.D. Cal. Dec. 9, 2019), at *1, *citing In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("*Cement*"). Those conditions exist here, and Blizzard submits that § 1292(b) certification is warranted.

Importantly, too, Blizzard already has appealed *as of right* the second portion of the Court's Order, which denied Blizzard's motion to compel arbitration. Section 16 of the Federal Arbitration Act allows such immediate appeals. *See* 9 U.S.C. § 16. Although the as-of-right appeal is limited to the question of whether Plaintiffs must arbitrate their claims against Blizzard, when the Ninth Circuit hears the as-of-right appeal, it will have "an independent obligation to police [its] own subject matter jurisdiction, including the parties' standing." *Animal Legal Defense Fund v. U.S. Dep't of Agriculture*, 935 F.3d 858, 866 (9th Cir. 2019) (internal quotation and citation omitted). That policing obligation may require the Ninth Circuit to consider the portions of this Court's Order that addressed Plaintiffs' Article III standing. Formally certifying the mootness issue "would avoid piecemeal litigation by permitting the review of all consequential jurisdictional issues and defenses at one time, if the Court of Appeals agrees to accept certification and consolidate these issues with the pending appeal." *Figueiredo Ferraz Consultoria E Engenharia de Projeto LTDA v. Republic of Peru*, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009). "Although interlocutory appeals are normally disfavored because they create piecemeal litigation, that dilemma is not present in this case because Defendants have appealed [other issues] as of right." *Id.*

Put another way, although the Ninth Circuit could and well may consider Plaintiffs' Article III standing regardless of whether this Court formally certifies that portion of its Order for interlocutory appeal, certification would promote judicial

efficiency. If the court certifies the order, the next step would be for Blizzard to petition the Ninth Circuit to accept the interlocutory appeal and consolidate it with the as-of-right appeal respecting arbitration. In briefing over that petition, the parties could explain to a Ninth Circuit motions panel how the arbitration and mootness issues relate to each other, and allow the Ninth Circuit to decide in advance of oral argument of Blizzard's appeal how (if at all) it wants to consider standing and mootness alongside the arbitration question.

For all these reasons, and as explained further below, Blizzard requests that the Court certify the portion of its Order that is not appealable as-of-right for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

Upon certification by a District Court, a Court of Appeals may hear an interlocutory appeal from a non-final order. For a District Court to certify a non-final order for interlocutory appeal, it must find that (1) the order involves a controlling question of law; (2) substantial grounds exist for a difference of opinion regarding this question; and (3) immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). A District Court wishing to certify a question must "state in writing" that these elements are met. *Cement*, 673 F.2d at 1026. Fed. R. App. P. 5(a)(3) further permits the Court to amend its order to include an appellate certification.

According to the leading procedural treatise, these three factors do not establish rigid "jurisdictional requisites," but instead "inject an element of flexibility into" the ordinary rules that govern the timing of appeals." The factors "should be viewed together as the . . . equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 Charles Alan Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 3930 (3d ed. 2016) ("Wright & Miller").

A District Court need not doubt the correctness of its Order to certify the Order pursuant to § 1292(b). If the "controlling question of law" and "ultimate termination"

prongs are satisfied, a court need find only "that reasonable minds could differ as to the outcome of th[e] case." *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 5:21-md-2985-EJD, 2022 WL 4009918, at *18 (N.D. Cal. Sept. 2, 2022). *See also, e.g., Asis Internet Servs. v. Active Response Group*, No. C07 6211 TEH, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (finding "difference of opinion" test satisfied "where there is split in the district courts").

"In cases in which appeal is going to be taken in any event, § 1292(b) should be available to frame an optimal appeal package without undue concern for the criteria that might defeat certification if no appeal otherwise could be taken," and a district court should deny § 1292(b) certification in such circumstances only if it "thinks it undesirable to expand the appeal." Wright & Miller § 3929.1.  Where an appeal already is pending, the Court of Appeals "need only 'turn the page' between its analysis of the arbitration question and the question now subject to interlocutory certification." *Hengle v. Asner*, No. 3:19-cv-250 (DJN), 2020 WL 855970, at *8 (E.D. Va. Feb. 20, 2020). *See also Figueiredo Ferraz*, 2009 WL 5177977, at *2 (pendency of an as-of-right appeal counsels in favor of certifying related issues so the Court of Appeals may consider them together and *avoid* piecemeal litigation).

### III. REASONABLE GROUNDS EXIST FOR A DIFFERENCE OF JUDICIAL OPINION ON THE MOOTNESS ISSUE

The Ninth Circuit recently reaffirmed that the requirement of § 1292(b) that "substantial grounds" must exist "for difference of [judicial] opinion" is "satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022), *quoting Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  The interplay between Family Code § 6710 and minors' alleged in-game transactions with video game companies is a "novel legal issue" that has not yet reached the Ninth Circuit.  At the District Court level, at least

two courts have analyzed the standing and mootness issues differently than this Court did, suggesting reasonable grounds for a difference of judicial opinion.

When this Court issued its Order, it may not have had the benefit of the very recent *V.R. v. Roblox* decision. In *V.R.*, the court held that a minor could not institute his disaffirmation-related claim against the defendant *at all* without being able to allege that he communicated his disaffirmation to the defendant pre-suit and the defendant rejected his disaffirmation. *See V.R.*, 2022 WL 4591788, at *2. Plaintiffs here could not make such a claim because they do not allege that they attempted to contact Blizzard pre-suit at all. Nor do Plaintiffs dispute that Blizzard timely honored Y.H.'s disaffirmation at its earliest opportunity and provided a full refund. The minor plaintiff in *V.R.* alleged that his *lawsuit* could serve as his refund request, but he "cite[d] no authority holding a case or controversy can be created, in the first instance, by the filing of a complaint, and, in any event, V.R. does not allege that any request for a refund contained in his complaint has been denied." *Id.* "[T]here being no showing that Roblox has either denied or would deny a request by V.R. for a refund," the minor had no claims. *Id.*

Another District Court opinion giving rise to reasonable grounds for a difference of judicial opinion is *R.A. v. Epic Games*, a 2020 case which the parties discussed in their mootness briefing. In *R.A.*, the court dismissed claims nearly identical to Y.H.'s as moot because, like Blizzard here, the video game company defendant in *R.A.* promptly honored the minor plaintiff's disaffirmation and provided the necessary refund. The *R.A.* court held that the plaintiff's successful disaffirmation, which had the effect of nullifying his transactions, mooted the claims he sought to pursue on a class basis. *See R.A.*, 2020 WL 865420, at *2.

Blizzard submits that *V.R.* and *R.A.* alone suffice to satisfy the 28 U.S.C. § 1292(b) difference-of-opinion" prong as to whether (1) a minor may sue for declaratory relief with respect to disaffirmation at all before actually attempting disaffirmation, and (2) the counterparty's prompt acceptance of the minor's

disaffirmation demand at the counterparty's first opportunity moots the minor's claims. Critically, too, *V.R.* and *R.A.* are not the only available data points demonstrating reasonable grounds for a difference of opinion. In all of *Doe v. Epic Games, Inc.*, 435 F. Supp.3d 1024 (N.D. Cal. 2020); *T.K. v. Adobe Systems Inc.*, No. 17-CV-4595-LHK, 2018 WL 1812200, at *1 (N.D. Cal. Apr. 17, 2018); and *I.B. v. Facebook, Inc.*, 905 F. Supp.2d 989, 996 (N.D. Cal. 2012), California minors asserted class claims only *after* the defendants denied pre-suit requests for refunds. The *V.R.* court distinguished *Doe v. Epic Games* specifically on the basis that the *Doe* defendant received the minor's *pre-suit* disaffirmation and thereafter "indicated its unwillingness to honor plaintiff's disaffirmance and refund the minor's purchases," which Roblox (and Blizzard here) did not. *V.R.*, 2022 WL 4591788, at *1.

Plaintiffs' contrary position here is that a minor may skip the step of allowing the defendant an opportunity to honor a disaffirmation, proceed directly to file a class action suit seeking declaratory relief, and keep that class claim alive even if the defendant promptly provides the minor with the requested refund. No decision prior to the Order stands for such a principle, and *V.R.* held directly to the contrary. The fact that the plaintiffs in *Doe*, *T.K.*, and *I.B.*—the only three precedents for the relief asserted by Plaintiffs here—all believed they had to seek refunds through disaffirmation *prior* to suing for declaratory relief further demonstrates substantial grounds for difference of judicial opinion. None of these cases reached the appellate stage and, consequently, the Ninth Circuit has not had occasion to discuss when honoring a disaffirmation renders a case moot.[2]

### IV. THE COURT BASED ITS ORDER ON A PURE ISSUE OF LAW

No relevant facts are in dispute with regard to Blizzard's mootness contention.

---

[2] *V.R.* remains before Judge Chesney. On October 21, 2022, the plaintiff in *V.R.* filed a First Amended Complaint in which he alleged that a pre-suit demand to Roblox would have been futile. *See V.R.*, Civ. No. 3:22-cv-2716-MMC (N.D. Cal.), Dkt. No. 33. On November 18, Roblox filed a motion to dismiss the First Amended Complaint in which it argued, among other things, that the plaintiff's assertion of futility had no merit. *See id.* Dkt. No. 36. Pursuant to a scheduling order (Dkt. No. 35), briefing on Roblox's motion will not be complete until at least January 6, 2023.

The parties agree that (1) Y.H. asserted disaffirmation for the first time in her lawsuit, with no prior notice to Blizzard by Y.H. or her father of any alleged dissatisfaction with the alleged purchases or any desire on Y.H.'s part to invoke Family Code § 6710; (2) Blizzard promptly acknowledged Y.H.'s disaffirmation; and (3) Blizzard timely provided Y.H. with a full refund as soon as Plaintiffs specified the amount of the refund and Y.H.'s preferred means of payment. (The parties also do not dispute that Y.H. never deposited Blizzard's check.) The parties dispute only the legal effect of Blizzard's actions on Plaintiffs' claims. This is a pure question of law, dispositive of Plaintiffs' entire Complaint.

### V. ULTIMATE TERMINATION WOULD BE ADVANCED IF THE NINTH CIRCUIT CONSIDERS THE MOOTNESS ISSUE AT THE SAME TIME IT HEARS THE AS-OF-RIGHT APPEAL FROM THE COURT'S DENIAL OF BLIZZARD'S ARBITRATION MOTION

The third factor—the likelihood that "an immediate appeal may materially advance the ultimate termination of the litigation"—tends to merge with the first requirement of a "controlling question." This allows courts to "to permit decisions of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary." *Cement*, 673 F.2d at 1026, *citing U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). The Ninth Circuit held in *Reese*, 643 F.3d at 688, that courts need not find "that the interlocutory appeal [would] have a final, dispositive effect on the litigation," but an interlocutory appeal here could have exactly that effect.

Although the Ninth Circuit does not need formal certification of this Court's mootness findings before it may consider Plaintiffs' Article III standing, the § 1292(b) process would allow the Ninth Circuit to consider in advance of full briefing on Blizzard's as-of-right appeal *how* it wishes the parties to present arguments on the related questions of standing and mootness. *See Animal Legal Defense Fund*, 935 F.3d at 866; *Figueiredo Ferraz*, 2009 WL 5177977, at *2.

## VI. CONCLUSION

For each of the above reasons, Blizzard respectfully requests that the Court, pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3), certify its November 29, 2022 Order for interlocutory appeal to the Ninth Circuit.

Dated: December 12, 2022        FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Jeffrey S. Jacobson*
    Jeffrey S. Jacobson (*pro hac vice*)
    Ryan M. Salzman

Attorneys for Defendant
BLIZZARD ENTERTAINMENT, INC.