**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Y.H., by and through her Guardian Nathan Harris, individually and on behalf of similarly situated individuals, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BLIZZARD ENTERTAINMENT, INC., a Delaware corporation, <br><br> Defendant-Appellant. | No.  22-56145 <br><br> D.C. No. 8:22-cv-00998-SSS-ADS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted October 16, 2023
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Blizzard Entertainment, Inc. ("Blizzard") appeals from the district court's order denying its motion to compel arbitration. In its reply brief, Blizzard asserted for the first time that Y.H. did not have Article III standing because she was not financially responsible for any of the purchases at issue and therefore did not suffer

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

an injury. Because these assertions raise serious questions of subject-matter jurisdiction, we directed the parties to be prepared to discuss at oral argument whether the allegations in Y.H.'s complaint meet the requirements of Article III standing. At oral argument, Blizzard changed its position from its reply brief and argued that Y.H. did have Article III standing. After considering the parties' arguments, we vacate the district court's order denying the motion to compel arbitration and remand to allow the district court to evaluate standing in the first instance.

We have an independent obligation to consider our subject-matter jurisdiction, as well as the district court's subject-matter jurisdiction. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citations omitted). This independent obligation extends to determining whether "standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009) (citation omitted). To have standing under Article III, a plaintiff must, among other requirements, allege "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). There must be standing for each of a plaintiff's claims. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068–69 (9th Cir. 2011) (citations omitted).

On this record, there is a serious question of whether Y.H. has adequately alleged an injury in fact for any of her claims. Y.H. seeks a declaratory judgment on her right to disaffirm her contracts with Blizzard under California Family Code § 6710. At oral argument, Y.H.'s counsel clarified that the contracts at issue in her claims are the individual purchases of card packs in the Hearthstone game. She alleges that Blizzard denied her right to disaffirm in its Terms of Service. But there is no allegation that Y.H. agreed to the Terms of Service or that Blizzard ever denied a refund request from Y.H. This raises a question of whether the harm alleged is "conjectural or hypothetical," rather than "actual or imminent." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted), *as revised* (May 24, 2016). And even assuming Y.H. had a right to disaffirm the contracts at issue under § 6710, there is a question of whether a violation of § 6710 results in the type of "concrete harm" required for Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." (citation omitted)).

Y.H. also brings claims under California's Unfair Competition Law and for restitution or unjust enrichment. Although her complaint alleges that she "suffered actual damages, including monetary losses," she also alleges that she used "her

3

father's credit cards and debit cards" to make these purchases. These allegations raise an issue of whether it was Y.H.'s father who "suffered an injury in fact," as opposed to Y.H. *See Spokeo, Inc.*, 578 U.S. at 338.

Constitutional standing is a jurisdictional issue and "must be addressed whenever raised." *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) (citation omitted), *as amended* (Aug. 11, 2000). But the parties' briefs did not address whether the complaint adequately alleged Article III standing. In these circumstances, and because it is unclear whether additional factual development is needed to evaluate Article III standing, we conclude that the better course is to allow the district court to consider standing in the first instance.

Because there is a serious question of standing in this case, we vacate the district court's denial of the motion to compel arbitration and remand for the district court to determine in the first instance whether Y.H. has Article III standing. If the district court determines Y.H. does not have standing, it should remand this case to state court. If the district court determines that there is standing, then it may conduct further proceedings as it deems appropriate. This decision is without prejudice to Blizzard renewing any motion to compel arbitration at the appropriate time.

**VACATED and REMANDED.**